WALTER STOKES, ADMINISTRATOR, v. LEMON & GALE COMPANY.

[52 South. 457.]

EXECUTORS AND ADMINISTRATORS. *Estates of decedents. Probation of claims. Notice to creditors.* Code 1906, § 2103.

An administrator's notice to creditors, under Code 1906, § 2103, making it the duty of executors and administrators to publish a notice to creditors to probate and register their claims against the estate, is not ineffectual because it notifies them to "probate and file" their claims and fails to use the statutory words "probate and register."

FROM the chancery court of Madison county.

HON. G. GARLAND LYELL, Chancellor.

The Lemon & Gale Company, a corporation, appellee, was complainant in the court below; Stokes, administrator of the estate of Julius Stokes, deceased, appellant, was defendant there. From a decree allowing a claim of complainant against the said estate the defendant appealed to the supreme court.

The appellee failed to have its claim against the estate of the decedent probated, registered and allowed within the period of one year allowed by Code 1906, § 2103, providing that "it shall be the duty of the executor or administrator to publish in some newspaper in the county a notice requiring all persons having claims against the estate to have the same "probated and registered" by the clerk of the court granting letters within one year, which notice shall state that a failure to probate and register for one year will bar the claim, and the time when the letters were granted; and the notice shall be published for three consecutive weeks, and proof of the publication shall be filed with the clerk." The administrator published for the time, and as prescribed by the statute, a notice which is quoted in the opinion of the court, its date being April 21, 1908. On April 26, 1909, five days

after the year following the first publication of the notice, the appellee, in compliance with Code 1906, § 2106, presented its claim duly itemized and sworn to, to the clerk of the chancery court of Madison county for probate, allowance and registration, and the clerk marked the same filed and probated, and registered it in accordance with the requirements of the statute. On the administrator's refusal to pay the claim this suit was instituted.

Code 1906, § 2106, provides that "Any person desiring to probate his claim shall present to the clerk the written evidence thereof, if any, or, if the claim be a judgment or decree, a duly certified copy thereof, or, if there be no written evidence thereof, an itemized account, or a statement of the claim in writing, signed by the creditor, and make affidavit, to be attached thereto, to the following effect, viz.: that the claim is just, correct, and owing from the deceased, that it is not usurious, and that neither the affiant nor any other person has received payment in whole or in part thereof, except such as is credited thereon, if any, and that security has not been received therefor except as stated, if any. Thereupon, if the clerk shall approve, he shall endorse upon the claim the words following: "Probated and allowed for $——, and registered this — day of ——, A. D. ——," and shall sign his name officially thereto. Probate, registration and allowance shall be sufficient presentation of the claim to the executor or administrator."

By Code 1906, § 2105, an executor or administrator is not allowed to pay any claim against the estate of the deceased unless the same shall have been probated, allowed and registered.

*H. B. Greaves,* for appellant.

Code 1906, § 2105, prescribing that an administrator shall not pay a claim against his decedent's estate unless the same be properly probated, allowed and registered, is mandatory. And the provisions of Code 1906, § 2103, providing the duty of the

administrator as to publication of notice to creditors to have their claims probated, allowed and registered within the year's period, are equally mandatory. *Nagel v. Ball,* 71 Miss. 330; *Cheirs v. Cheirs,* 81 Miss. 662.

The only way whereby appellee could be heard legally to complain of any dereliction on the part of appellant as to the wording of the publication of notice, would be by showing that appellee had been in some way deceived or misled by the publication or been thereby otherwise prejudiced. *Cockrell v. Seasongood,* 33 South. 77.

The publication of notice to creditors failed to use the word, "register." But this was not such a deviation from the prescribed requirement as will make invalid the publication.

*Powell & Powell,* for appellee.

The notice to creditors did not fully comply with Code 1906, § 2103, requiring the notice to state that "a failure to probate and register for one year will bar the claim." The language of the notice, as published by the administrator, was that those having claims against the estate "will probate and *file* the same within a year from date or the same will be barred." There is a difference between the words "register" and "file." One is not synonymous with the other. The word, "register," has the same meaning both in Spanish and English law, viz., the writing of something in a book. Words & Phrases Jud. Def., Vol 3, 2764, 2770. See also *Allen v. Hillman,* 69 Miss. 231.

When the statute law says that the notice to creditors shall recite that the claims must be registered, the language of the law is mandatory. *McWhorter's case,* 39 Miss. 779.

In *Wilkerson v. Dockery,* 2 Miss. Dec. 50, COOPER, J., said: "Creditors are not barred by the notice unless it is given in conformity with the directions of the law." And the court there cited *Pearl v. Conley,* 7 Smed. & M. 356, and *Bank v. Windham,* 31 Miss. 317.

WHITFIELD, C.

The notice published by the administrator in this case was as follows: "Notice to Creditors. Whereas, I was duly appointed administrator to the estate of Julius Stokes, deceased, by the chancery court of Madison county, Mississippi, on the 21st day of April, 1908, and having qualified as such: Now, therefore, all persons having claims against the estate of said deceased will probate and file the same within a year from date or the same will be barred."

It is insisted that this notice is absolutely null and void; that the word "register" should be used instead of the word "file;" and that the failure to use that word "register" vitiates the whole notice. This is far too technical a view. The notice is a substantial compliance with the law. It is conceded that the claim of the appellee was barred, unless this notice was absolutely void, so as to operate as no notice at all.

It follows that the decree of the court below is reversed, and the bill dismissed.

PER CURIAM. The above opinion is adopted as the opinion of the court.                                            *Reversed.*