R. B. Marshall, Administrator of Estate of J. T. Gibbs v. John Deere Plow Company.

[54 South. 948.]

1. ESTATE OF DECEDENTS. *Executors and administrators. Claims. Notice to creditors. Sufficiency. Code* 1906, *sections* 2103 *and* 2107.

Section 2107, Code 1906, providing, that all claims against the estate of decedents shall be filed within one year after publication of notice to creditors or the same shall be barred, was intended to expedite the settlement of estates by providing a short statute of limitations.

2. SAME.

Section 2103, Code 1906, provides the method of putting the period of limitation, provided for in section 2107 into operation, and it can be put into operation in no other. This notice among other things must advise "all persons having claims against the estate to have the same probated and registered by the clerk of the court, granting letters, within one year, and that a failure to probate and register for one year will bar the claim."

APPEAL from the chancery court of Clay county.
HON. J. Q. ROBBINS, Chancellor.

In the matter of the estate of J. T. Gibbs, deceased. From an order allowing a claim of the John Deere Plow Company against said estate, R. B. Marshall the administrator appeals.

The notice published by the administrator to creditors was as follows:

"Whereas letters of administration on the estate of J. T. Gibbs, deceased, were granted to the undersigned on the first day of April, A. D., 1907, by the chancery court of Clay county, State of Mississippi. Now all persons having claims against the estate of said decedent are hereby notified to probate the same within the time limited by law or the same will be forever barred.

*A. F. Fox,* for appellant.

There are several assignments of error, but the decision of this court will probably depend, first, upon the question as to whether the publication of notice to creditors to present their claims for probate was sufficient; if the court should decide that question in the affirmative, the case must be reversed; but, if the court should decide that the publication of notice was insufficient as constructive notice; then, 2d, the court will determine the question as to whether the fact that the appellee had actual notice from Deanes, chancery clerk, as to when, how, and where to probate his claim, and the further fact that he did actually present his and had it registered and allowed on the 19th of June, 1907, long before it was barred by the twelve months statute, did not conclude or estop appellee from setting up the insufficiency of the notice to creditors. On this I say:

1st. The notice to creditors was substantially in compliance with the requirements of section 2103, Code 1906.

2d. Whatever irregularity there may have been in the notice, in the first place, was waived by the actual presentation of the claim, within the twelve months allowed

by law, under the notice he did have, and second, was cured by the actual notice given claimant.

On the first proposition, let us remember that in a case where a claimant has no notice except the constructive one given by the publication, there may be some reason in holding that the statute should be construed strictly, in the event that he fails to present his claim for the want of actual notice, the rule has no sort of application, where the notice, whatever may be its defects, is effective in causing claimant to present his claim within the time required; and let us also remember that, in no case should there be a strained construction of the statute.

Noticing, *seriatim,* the objections of counsel to the publication: 1. Because it is signed "B. B." instead of "R. B." This is manifestly a mistake of the printer or a clerical error. It makes no difference, whether the administrator is named Smith or Jones. It is the administrator that must give the notice, and if it is signed by the administrator, it is sufficient. It is so signed in this case. It has been held that it is sufficient if signed by the clerk. Am. and Eng. Ency. Law, vol. 8, p. 1082.

The objection also made that the notice does not state that the claim shall be probated within one year; it does state that it shall be probated within the time limited by law. That this is sufficient, see Am. and Eng. Ency. of Law, vol. 8, p. 1082; Cyc. of Law and Procedure, vol. 18, p. 477.

Finally it is objected that the notice does not state that a failure to probate and register the claim within twelve months will bar the claim. The notice does state that the claim must be probated within the time limited by law or it will be forever barred, and this is sufficient under the above authorities, and is substantially a compliance with the statute. So we say that the notice is in all respects sufficient, even under a strict construction of the statute, which does not require a strained construction.

Slight errors and omissions that are not misleading and do not affect the substance of the notice are immaterial. Cyc., vol. 18, p. 477.

If this court should decide that under a fair and reasonable, and not under any strained construction of section 2103 of the Code, the notice to creditors given, under said section, was insufficient to bar a claimant who had never seen or heard of the publication of the notice, who had nothing but the constructive notice provided by the statute, and who therefore had no opportunity to probate and have registered his claim, we insist that the case under consideration is in every way different, and that the rule invoked by appellee has no sort of application in this case.

What is the instant case? In the first place it is not a case in which the claimant was barred of the opportunity of presenting and having probated his claim for the want of notice. On the contrary it is a case where the notice was ample and served its purpose. Claimant made no objection for any irregularity, but on the contrary, immediately acted under it. He knew exactly what to do, where to do it, and when to do it. He only wanted to know how to do it, and wrote to the chancery clerk for the desired information, knowing him to be the proper officer.

It is the height of absurdity to talk about the insufficiency of a notice that has proven to be sufficient, and has served its purpose.

*Frank A. Critz,* for appellee.

There is in fact, but one single question for the court to decide in this case and that is the sufficency or insufficiency of the notice to creditors.

If this notice is a substantial compliance with section 2103 of the Code of 1906, the decision of the court should be for the appellant; and if the notice is not a substantial compliance with said section of the Code, then the decision, of course, will be for the appellee.

1.   This pretended notice is not signed by the administrator at all.   It is signed ''B. B. Marshall'' instead of R. B. Marshall.   ''B. B. Marshall'' is as essentially different from ''R. B. Marshall'' as ''Joe Smith'' is from ''R. B. Marshall.''   So the proposition resolves itself into this:·   Is it necessary for the administrator to sign this notice at all, and if he does sign it, is he required to sign it with his own name or with somebody else's name?

We don't know of any case in the books where a legal notice, and a notice which is required by law to be given, is valid, unless it be signed by somebody.

Section 2123 of the Code requires that said notice shall give the time when the administrator was appointed. This clearly means that it must give the date of the appointment and the name of the administrator.   This notice states that ''Whereas letters of administration on the estate of J. T. Gibbs, deceased, were granted to the undersigned.''

The undersigned is B. B. Marshall, and no letters of administration were ever granted to B. B. Marshall.

2.   Said pretended notice does not require or notify creditors to have their claims probated by the clerk of the court granting the letters of administration and does not give any notice, whatever, to creditors as to what officer said claims are to be probated before, nor where he is to be found.

It is useless to argue that everybody knows that the clerk is the person to probate such claims and that everybody knows where the clerk's office is.   The law does not presume that everybody knows all of these things, but provides in said section 2103 of the Code that a notice shall be published, giving clear, unequivocal and unmistakable information as to all these matters.   Is the court to be called upon to ignore the plain provisions of the statute and to say that they are unnecessary?

3. Said pretended notice does not require or notify creditors to have their claims registered by said clerk, nor does it give any notice, whatever, to creditors, that said registration is necessary, or required.

A failure to register the claim for twelve months would as certainly bar it as a failure to probate it, and if it be necessary to give notice, under section 2103, to probate the claims, it is equally necessary to give the notice to register the same, because the statute requires the notice to creditors to require them "to have the same probated and registered."

It seems to us useless to argue that the omission of the notice to have the claim registered falls as far short of the requirements of the statute as if notice had failed to require creditors to have said claims probated.

Section 2105 of the Code provides that the administrator, or executor, "shall not pay any claim against the deceased unless the same has been probated, allowed and registered." Section 2106 gives the substance of the probating affidavit, after which the clerk is to endorse on the claim, "Probated and allowed for $—— and registered, this —— day of —— A. D. ——" and shall sign his name officially thereto."

"Probate, registration and allowance shall be sufficient presentation of the claim to the executor or administrator."

Section 2107 of the Code says: "The claim shall be registered, probated and allowed, in the court in which the letters testamentary, or administration, are granted," and a failure to so have the claim registered, probated and allowed will bar the same within one year after publication and notice to creditors.

Section 2109 of the Code requires that the claim of the executor, or administrator, shall be probated and registered, as other claims.

In the *Cheairs case,* 81 Miss. 662 *et seq.,* the court will observe that on page 674 special stress is placed upon

the essential words in the probating affidavit, as prescribed by section 1932 of the Code of 1892, which is the same as section 2106 of the Code of 1906, and these essential words, in each instance, are probated, allowed and registered. Each one is essential and it is clear that a failure to register the claim would be as fatal to it as a failure to probate it. The administrator dare not pay a claim which is not registered, as shown by the various sections of the Code to which we have already referred.

Smith, J., delivered the opinion of the court.

In order that the estates of decedents may be speedily settled, creditors thereof who fail to comply with the terms of section 2107 of the Code are barred from collecting claims against such an estate in a much shorter time than is prescribed for the collection of debts generally. Section 2103 of the Code provides the method of putting the period of limitations prescribed by section 2107 into operation, and it can be put into operation in no other. The method provided is the giving of certain information to creditors by means of a published or posted notice, which notice, among other things, must advise ''all persons having claims against the estate to have the same probated and registered by the clerk of the court granting letters, within one year,'' and also ''that a failure to probate and register for one year will bar the claim.'' This information is not contained in the notice now under consideration, and consequently the period of limitation prescribed by section 2107 of the Code was not thereby put into operation.

One object of the notice is to call attention of creditors, so far as this can be done by publication, specifically to the fact that in order that their claims may not be barred, they must, within one year, have them probated and registered by the clerk of the court granting the letters of administration. Were we to hold that the omission of this information from the notice now under con-

sideration did not avoid it, for the reason, as argued by counsel for appellant, that all persons are charged with knowledge of the law, and consequently are charged with knowledge of the provisions of section 2107 would logically result in a notice being held sufficient which simply stated the person publishing it had been appointed administrator of an estate, and advised all persons having claims against the estate to deal therewith as the law directs. The statute is not so written, and we cannot so construe it. All that was decided in *Stokes* v. *Lemon & Gale Co.*, 52 South. 457, to which we have been referred by counsel for appellant, was that the use of the word "file," instead of the word "register," was a substantial compliance with the statute.

Other objections are raised to this notice; but, since the judgment of the court below must be affirmed by reason of the foregoing views, it becomes unnecessary for us to notice these other objections. That appellee may have had actual notice of the death of the decedent, and of the appointment of appellant as his administrator, is immaterial.                              *Affirmed.*

MAYES, C. J. (dissenting). I cannot agree that the notice to creditors published by the administrator in this case does not fully meet the requirements of section 2103, Code 1906. The notice is as follows: "Whereas, letters of administration on the estate of J. T. Gibbs, deceased, were granted to the undersigned, on the 1st day of April, 1907, by the chancery court of Clay county, state of Mississippi. Now all persons having claims against the estate of said decedent are hereby notified to probate the same within the time limited by law, or the same will be forever barred." The statute provides that the executor or administrator "publish in some newspaper in the county a notice requiring all persons having claims against the estate to have the same probated and registered by the clerk of the court granting

letters, within one year, which notice shall state that a failure to probate and register for one year will bar the claim, and the time when the letters were granted; and the notice shall be published for three consecutive weeks, and proof of the publication shall be filed with the clerk.''

Comparing the statute with the notice, every substantial thing required by the statute to be set out in the notice is found there. All information which it is necessary that the creditors should have, in order that the purpose of the statute may be accomplished, is given in the published notice. I do not think it should be held by this court that a literal following of the statute is necessary. What is left out of the notice? The statute only requires two specific things to be stated. It requires that the administrator shall state the time when the letters were granted. The notice shows that this was done. The notice states letters were granted on April 1, 1907. The statute then requires that the notice shall state that a failure to probate and register for one year will bar the claim. The notice does state that all persons having claims against the estate are notified to probate same within the time allowed by law, or the claim will be barred. In my judgment, this was all that was necessary. The notice further states that the administration was granted by the chancery court of Clay county. It seems to me that every substantial thing which the statute required was set out in the notice, and the information intended by the statute to be conveyed to the creditors is as complete as if there had been a reproduction of the statute itself in the notice. *Henderson* v. *Illsey*, 11 Smedes & M. 9, 49 Am. Dec. 41; *Borum* v. *Bell*, 132 Ala. 85, 31 South. 454.