**STATE ex rel. LANKFORD, State Bank Com'r, v. SOLISS et al.**

No. 5607 —Opinion Filed Oct. 19, 1915.

On Rehearing, Nov. 30, 1915.

2nd Petition for Rehearing Denied Dec. 19, 1917.

(152 Pac. 1114.)

1. **Bills and Notes—Consideration—Benefit Conferred—Detriment Suffered.**
Where a benefit is conferred by a third party, or detriment suffered by the payee of a note at the instance of the maker thereof, it will be sufficient consideration to support the note, even though the maker thereof received no personal benefit by reason of the execution and delivery thereof.

2. **Executors and Administrators —Claim Against Estate — Notice—Requisites—Limitations.**
To bar a claim against an estate under what is generally known as the statute of nonclaim, there must be proof that the notice was advertised or posted, as required by law, containing all the material and essential matters intended by the statute to be conveyed to the creditor, and a notice which fails to convey such information is void, and does not start the statute of limitation.

3. **Same.**
Section 3 of the act of the Legislature of Oklahoma approved March 17, 1910, found in Session Laws of that year, at page 115, providing for notice to creditors to present their claims against the estate of the administrator within the time named in the notice, contains the following provision: "Such notice shall be substantially in the following form: All persons having claims against A. B., deceased, are required to present the same with the necessary vouchers to the undersigned administrator at ............ within four months of the date hereof, or the same will be forever barred. Dated ............, 19.... A. B., Administrator." Held, that a notice which fails to contain the phrase "or the same will be forever barred," or words to that effect, clearly and plainly purporting that meaning, is void

and does not start the statute of limitation, and, further, that an action may be maintained against the estate, notwithstanding such void notice.

(Syllabus by Robberts, C.)

Error from District Court, Creek County; Jesse M. Hatchett, Assigned Judge.

Action by the State, on the relation of J. D. Lankford, State Bank Commissioner of Oklahoma, against Mary Soliss, executrix of the estate of John P. Soliss, deceased, and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

S. P. Freeling, Atty. Gen., and McDougal & Lytle, for plaintiff in error.

Thompson & Smith and Burke & Harrison, for defendants in error.

Opinion by ROBBERTS, C. The plaintiff in error was plaintiff below, and for the sake of brevity we will call the plaintiff in error plaintiff, and defendants in error defendants.

This is an action for recovery of money on a promissory note. On November 22, 1911, Ed. C. Reynolds, John P. Soliss, and H. H. McFann made, executed, and delivered their certain promissory note in the sum of $5,554.14 to the Farmers' & Merchants' Bank of Sapulpa, Okla. John P. Soliss departed this life on the 5th day of April, 1912, and Mary Soliss was thereafter duly appointed and qualified as his executrix. On the 10th day of September, 1912, the Farmers' & Merchants' Bank of Sapulpa was placed in the hands of the state bank commissioner as is provided by law. Suit in the name of the state of Oklahoma was begun on the 3d day of January, 1913, to recover on the note above set forth, setting up that note was due and unpaid, and that said note was duly presented to the executrix for payment, and same was disallowed by her.

Defendant, Mary Soliss, executrix, answered, admitting the execution of a note, but alleging that the same was without consideration and was for accommodation, further denying that the banking board has a lien, and alleging due publication by the executrix for creditors to present claims, and denying that plaintiff presented its claim as provided by law, setting forth a copy of the order of the county court adjudging due publication to creditors.

The plaintiff replied, denying every material allegation of the answer, and especially denying that publication to creditors to present claims, as provided by Session Laws of 1910, c. 65, § 3, and the statutes in force theretofore, was made. Trial was had to a jury, and an instructed verdict returned for defendants. Plaintiff excepts and brings error.

Counsel for plaintiff submit the following specifications of error:

"First. That the district court of Creek county committed material and prejudicial error in overruling the motion of plaintiff for new trial.

"Second. That the judgment of the court was procured by the admission over the objection of the plaintiff of incompetent evidence.

"Third. The court committed error in rendering judgment in favor of the defendant.

"Fourth. The court committed error when it instructed the jury to return a verdict in favor of the defendant.

"Fifth. The court committed error in not rendering judgment in favor of plaintiff on all of the evidence.

"Sixth. The court committed error by admitting in evidence notice to creditors.

"Seventh. The court committed error by admitting in evidence the order of the county court of Creek county showing due notice to creditors.

"Eighth. The court committed error in excluding from the evidence the inventory and appraisement for the purpose of showing the value of the estate."

We will at once eliminate the question of the want of consideration, for the reason that, upon examination of the evidence, we find the proof brings the case clearly within the rule that:

"Where a benefit is conferred by a third party, or detriment suffered by the payee of a note at the instance of the maker thereof, it will be sufficient consideration to support the note, even though the maker thereof received no personal benefit by reason of the execution and delivery thereof."

Counsel for both parties have presented, and ably argued, several important questions in support of their different contentions, but, after a careful consideration of the case, we have reached the conclusion that the controlling question, or at least one of the controlling questions, is as to the sufficiency of the notice to creditors. The defendant contends that the plaintiff cannot recover, for the reason that the claim was barred, because it was not exhibited to the administratrix within the four months' time, as limited in the notice to

creditors to present their claims. On the other hand, the plaintiff contends that the notice given was void, for the reason that it did not fulfill the requirements of the law, in that it did not state that, on failure to file or present claims within four months, "the same will be forever barred," the real matter complained of being that the notice failed to warn the creditors that their claims would be forever barred in case they failed to present them within the time fixed by law, and further contends that the notice, being absolutely void, could not start the statute of limitation.

The deceased, John P. Soliss, died on the 5th day of April, 1912. The administratrix was appointed immediately thereafter, and this action was commenced on the 3d day of January, 1913. Rev. Stat. of 1910, Ann., did not take effect until the 16th day of May, 1913; therefore the act of March 17, 1910, as published in the Session Laws of that year, was in force at the time of these proceedings, and the notice to creditors contained in that act, and now under consideration, is as follows:

"Such notice shall be substantially in the following form: All persons having claims against A. B., deceased, are required to present the same with the necessary vouchers, to the undersigned administrator at .............. within four months of the date hereof, or the same will be forever barred. Dated ---- .........., 19.... A. B., Administrator."

The notice published by the administratrix is as follows:

"Notice to Creditors.

"To the Creditors of John P. Soliss, Deceased:

"The creditors of the above-named decedent are hereby notified that the undersigned was, by the county court of Creek county, Oklahoma, appointed executrix of the estate of said decedent, and that all persons having claims against the estate of said decedent are required to exhibit them to said undersigned executrix, with the necessary vouchers, at her residence at 210 South Water St., Sapulpa, Oklahoma, within four months from the date of the first publication of this notice, to wit, from the 10th day of May, 1912.

"This May 7, 1912.

"Mary Soliss, Executrix."

It must not be overlooked that these statutes of nonclaim, providing for a forfeiture as they do, are in their nature penal, and must be strictly construed against those who seek to take advantage thereof. Applying that rule of construction, does the notice which fails to warn the creditor that

his claim "will be forever barred" if he fails to present it within the time fixed by the notice, comply with the requirements of the statute? We are of the opinion that it does not, and for that reason it could not and did not start the running of the statute of limitation.

The Supreme Court of the state of Mississippi, having before it the construction of a similar statute, in Marshall v. John Deere Plow Co., 99 Miss. 284, 54 South. 948, say:

"The method provided is the giving of certain information to creditors by means of a published or posted notice, which notice, among other things, must advise 'all persons having claims against the estate to have same probated and registered by the clerk of the court granting letters, within one year,' and also 'that a failure to probate and register for one year will bar the claim.' This information is not contained in the notice now under consideration, and consequently the period of limitation prescribed by section 2107 of the Code was not thereby put into operation.

"One object of the notice is to call attention of creditors, so far as this can be done by publication, specifically to the fact that, in order that their claims may not be barred, they must within one year have them probated and registered by the clerk of the court granting the letters of administration. Were we to hold that the omission of this information from the notice now under consideration did not avoid it, for the reason, as argued by counsel for appellant, that all persons are charged with knowledge of the law, and consequently are charged with knowledge of the provisions of section 2107, it would logically result in a notice being held sufficient which simply stated the person publishing it had been appointed administrator of an estate, and advised all persons having claims against the estate to deal therewith as the law directs. The statute is not so written, and we cannot so construe it."

In speaking upon this same subject, Judge Woerner, in his work on the American Law of Administration, in volume 2, § 385, says:

"The purpose of this notice is to enable creditors to present their demands to the administrator or court, as the case may be. In some of the states the notice is required to recite the consequences of a failure to exhibit the claims within a given period, and also to state the period when all claims against the estate will be barred."

The Supreme Court of the state of Missouri, in Wilson v. Gregory, 61 Mo. 421, use this language:

"An administrator cannot avail himself of the limitation prescribed in the statute as a bar to a demand, unless he has given notice of his letters in the manner and within the time directed by law."

In Petrie v. Voorhees, 18 N. J. Eq. 285, the court says:

"To bar a claim against an estate, under the rule limiting creditors, * * * there must be proof that the notice was advertised or set up as required by law."

As hereinbefore stated, other important questions are raised by counsel on both sides, but, as the insufficiency of notice is decisive of the case, the other questions will not be considered. The notice to creditors was void for the reasons above stated, and was not sufficient to start the statute of limitations. The plaintiff's claim was not barred at the time this action was commenced. The case should therefore be reversed and remanded to the district court of Creek county, with directions to set aside the judgment for defendants, and enter judgment in favor of the plaintiff for the amount due on the note involved.

By the Court: It is so ordered.

On Rehearing.

ROBBERTS, C. In the original opinion this case was reversed and remanded to the district court of Creek county, with directions to set aside the judgment for defendant and enter judgment in favor of the plaintiff for the amount due on the note involved. On rehearing that opinion and order are modified in this, that the order directing the trial court to enter judgment for the plaintiff is withdrawn, and the case should simply be reversed and remanded.

The rehearing is in all other respects denied.

By the Court: It is so ordered.