**INMAN, Adm'r, et al. v. WESTERN NAT. BANK OF FT. WORTH, TEX.**

No. 10127—Opinion Filed July 5, 1921.

Rehearing Denied Sept. 20, 1921.

(Syllabus.)

**Equity—Jurisdiction—Scope of Relief.**

A court of equity, looking beyond the mere form of things to their substance, has power to decree such relief to the parties as appears just and right, and as best calculated to protect their rights under the situation presented by the record.

Error from District Court, Garvin County; Alvin F. Pyeatt, Special Judge.

Action by R. A. Inman, administrator, and others, against the Western National Bank, a corporation, of Fort Worth, Texas, to cancel deeds, etc. Judgment for defendant, and plaintiffs appeal. Affirmed.

Bowling & Farmer, for plaintiffs in error.

C. L. McArthur, for defendant in error.

NICHOLSON, J. This action was brought in the district court of Garvin county by the plaintiffs in error, as plaintiffs below, against the defendant in error, as defendant below, for the cancellation of a guardian's deed and a deed executed by Nora Hazel to the Lindsay National Bank, covering certain lands in Garvin county, and for the possession of said land, and for rents and profits. We will hereafter refer to the parties as they appeared in the trial court.

The land involved was allotted to Lottie Hazel, a Choctaw Indian by blood, who died on the 7th day of March, 1907, aged three years, leaving surviving her Seth Hazel, her father, an Indian, and her mother, Nora Hazel, now Inman, a noncitizen, and a sister, Jimmie Hazel. The father, Seth Hazel, died on August 8, 1907, intestate, leaving surviving him his widow, Nora Hazel, and child, Jimmie. Shortly after the death of Seth Hazel his child, Seth, was born; on August 23, 1907, an administrator of the estate of Seth Hazel was appointed by the judge of the United States court for the Southern district of the Indian Territory at Pauls Valley; on August 19, 1907, Nora Hazel was by said court appointed guardian of the persons and estates of Jimmie and Seth Hazel; on the 26th day of February, 1908, said guardian filed her petition in the county court of Garvin county, Oklahoma, for the sale of the interest of said wards in the lands of Lottie Hazel, deceased. A decree of sale was entered and the land sold to the Lindsay National Bank for a recited consideration of $980 cash in hand paid. The sale was confirmed and guardian's deed executed and delivered to said purchaser, and Nora Hazel executed and delivered to said bank a deed conveying her interest in said land to it; on December 14, 1911, the Lindsay National Bank sold and conveyed said land to the Western National Bank, of Fort Worth, Texas, the defendant. It developed that instead of paying cash for the interest of said minors in said land at such guardian's sale, the Lindsay National Bank paid for said land by delivering to such guardian notes aggregating the sum of $3,000 executed to it by Seth Hazel.

The trial court canceled the guardian's deed and the deed of Nora Hazel for the interest

in said land, but subrogated the defendant to the rights of the Lindsay National Bank and fixed a lien upon said land in favor of said defendant in the sum of $3,000, and ordered a sale of said land to satisfy said lien, from which decree the plaintiffs prosecute this appeal.

It appears that Seth Hazel was indebted to the Lindsay National Bank upon notes to the amount of $3,000; that in order to pay said notes it was agreed that the lands in controversy should be conveyed to said bank by the guardian of Jimmie and Seth Hazel, the minor children of Seth Hazel, deceased, and by Nora Hazel, his widow. This agreement was carried out; the land was conveyed to the bank and the notes of Seth Hazel delivered in payment therefor, the transaction being consummated on January 29, 1909; on December 14, 1911, the Lindsay National Bank sold and conveyed the land to the defendant; on April 30, 1913, this action was filed in the district court. The defendant remained in possession of the land until September 6, 1916, when a receiver was appointed.

The plaintiffs in error insist that if the Lindsay National Bank had any just and valid unsecured claim against the estate of Seth Hazel, it failed to file the same with the administrator, or the court; that the notes constituted no debt against the estate until properly filed with the court, and that the notes, at the time they were pleaded by the defendant in this action, were barred by the statutes of limitation.

It does not appear that notice to creditors was ever given, and there is nothing before us showing whether or not the notes were ever presented to the administrator, but it does appear that the transaction was had under the advice of the attorney for the administrator and Nora Hazel, and that the Lindsay National Bank relied upon the advice of this attorney, and that the parties connected with the transaction acted in good faith. Of course, the proper procedure would have been to present the notes to the administrator as claims against the estate, and if it was necessary to sell the lands for the purpose of raising funds with which to pay the debts, then the sale should have been ordered by the court having jurisdiction of the administration proceedings, and the proceeds of the sale applied toward the payment of said indebtedness. No doubt it was because of the failure to proceed in this manner that the court set aside the guardian's deed and the deed of the widow. No complaint is made of the action of the court in setting aside these deeds, and, indeed, in the face

of his findings that the defendant was not an innocent purchaser of said lands, no complaint could properly be made. The grievance of the plaintiffs is that the court erred, in fixing a lien upon said land in favor of the defendant in the sum of $3,000.

Upon the death of Lottie Hazel the lands involved ascended to her father, Seth Hazel, and upon his death they descended to his children, subject to the payment of his debts and the widow's dower. The land, not being the homestead, could have been by the administrator, under proper order of the county court, sold and the proceeds used to pay the debts of the decedent, and the widow and children could not have been heard to complain. While it must be conceded that the Lindsay National Bank and the guardian failed to follow the legal path in arriving at a settlement of the debts of the decedent, it cannot be said that a court of equity is without power to grant to the parties such relief as appears just and right. In Foster v. Hoff et al., 37 Okla. 144, 131 Pac. 531, this court held:

"A court of equity, looking beyond the mere form of things to their substance, has power to decree such relief to the parties as appears just and right, and as best calculated to protect their rights under the situation presented by the record." Eastwood et al. v. Clinkscales, 82 Okla. 52, 197 Pac. 455.

In the case at bar the trial court looked beyond the mere form to the substance and held that the land was charged with the payment of the debts of the decedent, and in so holding, and in fixing a lien thereon to the amount of the indebtedness due the defendant, did that which was best calculated to protect the rights of the parties under the situation presented.

The plaintiffs insist that the notes were barred by the statutes of limitation at the time they were pleaded by the defendant, but with this we cannot agree. The notes were valid obligations at the time they were surrendered for the debts, and the plaintiffs could not be permitted to hold these notes for eight or nine years and then plead that they were barred by the statutes of limitation. Furthermore, if the defendant had been the owner and holder of the notes, there must have been proof that notice to creditors was given by the administrator as required by law to start the statutes of limitation, and this proof is lacking. State ex rel. Lankford v. Soliss et al., 66 Okla. 310, 152 Pac. 1114.

Under the facts disclosed we cannot say that the trial court erred in fixing a lien

upon the land. The Lindsay National Bank surrendered notes in the sum of $3,000 in payment for said land, and the defendant purchased the land from the Lindsay National Bank. If the Lindsay National Bank had not surrendered the notes it could have caused the land to be sold for the purpose of paying the indebtedness due it, and as its interest in said land was conveyed to the defendant, and as neither it nor any other creditor complains of the judgment of the trial court in fixing a lien in favor of the defendant, the plaintiffs cannot be heard to do so.

The judgment of the trial court is affirmed.

PITCHFORD, V. C. J., and McNEILL, MILLER, and ELTING, concur.