ROCHE VALLEY LAND CO., APPELLANT, *v.* BARTH ET AL.,
RESPONDENTS.

(No. 5,275.)

(Submitted May 4, 1923. Decided May 21, 1923.)

[215 Pac. 654.]

*Executors and Administrators—Claims Against Estate—Notice
to Creditors—Insufficiency—Presentation of Claims—Time.*

Executors and Administrators—Claims Against Estate—Notice to Creditors—Statutory Requirement—Compliance Essential.
  1.  The notice to creditors of an estate prescribed by section 10170, Revised Codes of 1921, and required to be published by the executor or administrator, is in the nature of a process, and its requirements must be complied with in all essentials.
Same—Notice to Creditors—Insufficiency.
  2.  Section 10170, *supra*, provides that the executor or administrator of an estate shall publish a notice to the creditors of the estate to present their claims to him "at the place of his residence or business, to be specified in the notice." The notice published by defendant executor was to the effect that claims should be presented "to the executor" of decedent's estate "at the city of Billings" without specifying his place of residence or business. *Held,* under the above rule that the notice was insufficient, and that the court's holding  ·
that plaintiff's claim was barred because not presented within the period for presentation fixed in the notice was error.
Same—Claims Against Estate—May be Presented, When.
  3.  A valid presentation of a claim of a creditor against an estate may be made before notice to creditors is given.

*Appeal from District Court, Yellowstone County; Robert C.
Stong, Judge.*

ACTION by the Roche Valley Land Company against Arthur
Barth and another, as executor and executrix of the will of
August H. Barth, deceased. Judgment for defendants, and
plaintiff appeals. Reversed and remanded.

*Messrs. Gunn, Rasch & Hall,* for Appellant, submitted a
brief; *Mr. M. S. Gunn* argued the cause orally.

Citing: *Bollinger* v. *Manning,* 79 Cal. 7, 21 Pac. 375; *Roddan* v. *Doane,* 92 Cal. 556, 28 Pac. 604; *Douglass* v. *Folsom,*
21 Nev. 441, 33 Pac. 660, 38 Pac. 111; *Hoyt* v. *Bonnett,* 58

Barb. (N. Y.) 529; *Hardy* v. *Ames,* 47 Barb. (N. Y.) 413; *State* v. *Soliss,* 66 Okl. 310, 152 Pac. 1114; *In re Jameson's Estate* (Okl.), 182 Pac. 518; *In re Anson's Estate,* 177 Wis. 441, 188 N. W. 479; *Hartley* v. *Croze,* 38 Minn. 325, 37 N. W. 449.

*Messrs. Johnston, Coleman & Johnston,* for Respondents, submitted a brief; *Mr. J. H. Johnston* argued the cause orally.

The sole question for determination is the sufficiency of notice of creditors. Appellant contends that the notice was insufficient for the reason that it did not specify the place of residence or business of the defendants. The respondents contend that the place of residence and place of business were both specified in the notice.

A notice should not be required to be more definite than required by law. The specific place in the city where the place of business or residence is located not being required by the law to be stated in the notice, the notice need not contain those particulars. The word "place" means many different things. It may mean a particular, definite point. It may mean a city, a town, a county, a state or a country. (See *Sackett* v. *Thomas,* 25 Mont. 226, 64 Pac. 503; 22 Am. & Eng. Ency. of Law, p. 829; 30 Cyc. 1633.) In view of the above authorities, there can be no question but that Billings is a place and that to name Billings as the place of residence or place of business of the defendants fully complies with the law requiring the notice to creditors to state the place of residence or business of the administrator or executor. (*McLeod* v. *American Freehold L. M. Co.,* 100 Ala. 496, 14 South. 409; *Cameron* v. *Seaman,* 69 N. Y. 396, 25 Am. Rep. 212; *Seal of Gold Mining Co.* v. *Slater,* 161 Cal. 621, 120 Pac. 15.)

Under the above authorities the place of business, or principal place of business, of a corporation is the city or town, not a particular place within a city or town, and the designation in the articles of incorporation of the principal place of business is sufficiently designated by naming the town, without

designating the particular place in the town where a company will do its business.

Our statute as to the publication of notice to creditors is to be liberally and not strictly construed, as appellant contends, and therefore the cases cited by him, holding that such a statute should be strictly construed, do not state the law as applicable to Montana.   (See, also, *Douglass* v. *Folsom,* 21 Nev. 441, 33 Pac. 660; *Tooele Meat & Storage Co.* v. *Morse,* 43 Utah, 515, 136 Pac. 966.)

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

Plaintiff, a creditor, presented to the defendants, as executor and executrix of the last will and testament of August H. Barth, deceased, a claim against Barth's estate, which they rejected.   It seasonably brought suit upon the rejected claim. This resulted in a judgment upon the pleadings in favor of defendants, from which plaintiff has appealed.

During the administration of the estate the defendants published in a Billings newspaper the following:

"Notice to Creditors.

"Estate of August H. Barth, Deceased.

"Notice is hereby given by the undersigned executor and executrix of the estate of August H. Barth, deceased, to the creditors of and all persons having claims against the said deceased, to exhibit them, with the necessary vouchers, within ten months after the first publication of this notice, to the said executor or executrix at the city of Billings, in the county of Yellowstone, state of Montana.

"Dated at Billings, Montana, April 26, 1920.

"ARTHUR BARTH,

"Executor, and

"ANNIE BARTH,

"Executrix, of the Estate of A. H. Barth, Deceased."

This was published four times, the first publication having been on May 1 and the last upon May 22, 1920.   Upon this

publication the court entered a decree adjudging that notice to creditors of the Barth estate had been given. Plaintiff's claim was presented to Annie Barth, as executrix, on April 19, 1922. The period for presentation fixed in the notice had then expired. This, so far as the record discloses, was the reason the claim was rejected.

The sole question for decision is whether the notice to creditors was sufficient. If it was, plaintiff's claim is barred and the judgment of the court below is right.

By the terms of section 10170, Revised Codes of 1921, "every executor or administrator must, immediately after his appointment, cause to be published in some newspaper in the county, if there be one, if not, then in such newspaper as may be designated by the court or judge, a notice to the creditors of the decedent, requiring all persons having claims against him to exhibit them, with the necessary vouchers, to the executor or administrator, at the place of his residence or business, to be specified in the notice." Section 10173 provides that all claims arising upon contracts, whether the same be due, not due, or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever.

In furtherance of the policy of securing the earliest possible settlement of the estates of deceased persons compatible with the just rights of creditors, says Judge Woerner, special laws of limitation are enacted in most of the American states applicable to demands against the estate of deceased persons, known generally as statutes of nonclaim, or short or special limitation. (The American Law of Administration, sec. 400.) To the end that all obligations of the estate founded on contract may be ascertained definitely, that provision may be made to pay the estate's debts in full or ratably among its creditors, that the estate property may be free from the claims of creditors not presented within the prescribed time, these statutes fix arbitrary periods within which claims must be presented. The [1] notice prescribed by section 10170 is in the nature of a

[67 Mont. 353.]

process.   It must be complied with in all its essentials in order
that an administrator or executor may take advantage of it.
(*Hoyt* v. *Bonnett,* 50 N. Y. 538; *State* v. *Soliss,* 66 Okl. 310,
152 Pac. 1114.)

In *Vanderpool* v. *Vanderpool,* 48 Mont. 448, 138 Pac. 772,
this court recognized the special character of statutes of non-
claim and declared compliance with their requirements to be
essential on part of one relying upon them.   This applies as
well to the executor as to the creditor.

The estate's legal representative is required to notify the
[2]   creditors to present their claims "to the executor or ad-
ministrator, at the place of his residence or business, to be
specified in the notice."   The phrase "to be specified in the
notice" is pregnant with direction.   It directly qualifies the
preceding phrase "at the place of his residence or business."
The word "specify" has a restricted as opposed to a general
meaning.   It means particularize.   It means "to mention spe-
cifically or explicitly" (Century Dictionary); "to mention
specifically; name expressly or particularly" (New Standard
Dictionary); "to mention or name in a specific or explicit man-
ner; to tell or state precisely or in detail" (Webster's New In-
ternational Dictionary).

By the use of the language "at the place of his residence
or business, to be specified in the notice," it is beyond doubt
that the purpose of the statute is to require the executor or
administrator to fix some definite place where he may be found
so that a creditor may make the necessary presentment of his
claim.   It will not do to say that a city like Billings, which
in 1920 had upward of 15,000 inhabitants, is such a "place"
as is contemplated by the words of the statute.   Nor will it do
to allege that the creditor knew where to find the executor.
The notice being in the nature of a process must operate alike
as to the stranger and to the executor's next-door neighbor.

The statute probably would be satisfied if the executor
should require creditors to present their claims at his residence
or place of business in a village, naming it, because likely that

description would be sufficiently specific. The "residence" of a person in a village usually is well known, but that may not be said to be true of one residing in Billings, Great Falls, Butte or other cities of this state. While no hard-and-fast rule can be laid down, the statute will not be satisfied unless the executor or administrator in his notice describe his place of residence or business with sufficient particularity so that a reasonable person may easily identify it. As illustrative, we find in Cowdery's Forms (No. 1296) a direction that the creditor present his claim to the administrator at his residence, "northeast corner of Washington and Mason Streets, the same being the place for the transaction of the business of said estate, in the city and county of San Francisco." The requirement is met by notifying creditors to present claims at the office of the attorney of the estate as "to said executor at the law office of Austin C. Gormley, suite 501, Ford building, Great Falls, Montana, that being the place for the transaction of the business of said estate, in the county of Cascade." (*Bollinger* v. *Manning,* 79 Cal. 7, 21 Pac. 375; *Roddan* v. *Doane,* 92 Cal. 556, 28 Pac. 604; *Douglass* v. *Folsom,* 21 Nev. 441, 33 Pac. 660.)

From the foregoing it appears that the notice to creditors did not comply with the requirements of the statute. Any other construction of the statute would give scant consideration to its letter and none to its spirit.

The fact that the court had entered a decree adjudging that notice to the creditors had been duly given is of no moment here, for the notice upon which the decree is based shows on its face that it does not comply with the statute. (*Charlebois* v. *Bourdon,* 6 Mont. 373, 12 Pac. 775.)

Counsel have not discussed the question as to whether the notice was published for a sufficient length of time. Reserving our opinion, we call their attention to the fact that section 10170 provides that "such notice must be published as often as the court or judge shall direct, but not less than once a week for four weeks."

A valid presentation of a creditor's claim may ·be made [3] before notice to creditors is given. (*Davis* v. *Estate of Davis*, 56 Mont. 500, 185 Pac. 559.)

The court erred in holding that the plaintiff may not maintain this action. The judgment is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.