## FLOYD *v.* CHATHAM.

(Division A. Feb. 22, 1937. Suggestion of Error Overruled March 22, 1937.)

[172 So. 504. No. 32605.]

Jason H. Floyd, of Senatobia, for appellant.

John W. Barbee, of Hernando, for appellee.

**McGowen, J.,** delivered the opinion of the court.

The record discloses that on November 29, 1935, Jason

H. Floyd was appointed executor of the last will and testament of O. M. Pearson, deceased, by the chancery court of De Soto county, Miss., and by that order the said will was duly admitted to probate.

The executor caused to be published in the Times-Promoter, a newspaper published in De Soto county, a notice as follows:

"Proof of Publication.

"Notice to Creditors of the Estate of O. M. Pearson, Deceased.

"All persons having claims against the estate of O. M. Pearson, deceased, are required to have same probated and registered before the chancery court clerk of De Soto County, Mississippi, within six months after December 5, 1935, and are notified that failure to so probate and register any such claim within the prescribed time will forever bar the same.

"Letters testamentary were issued to the undersigned as executor of the last will and testament of the said deceased on the 29th day of November, 1935.

"This the 5th day of December, 1935.

"Jason H. Floyd"

and proof of publication was filed with the clerk of the chancery court of De Soto county.

On June 24, 1936, Gerald Chatham, receiver of the Bank of Nesbitt, in liquidation, filed a claim against said estate, which was probated, allowed, and registered by the chancery clerk of De Soto county. More than six months had elapsed from the date of the first publication of notice to creditors when this claim was filed.

Subsequent to the filing of this claim by Chatham, the receiver, the executor filed a contest of this claim in the chancery court of De Soto county, setting forth that more than six months had elapsed between the date of the first publication of notice to creditors of the estate as given by appellant and the date of the filing of the claim by the receiver of the Bank of Nesbitt, and pray-

ing that said claim be disallowed. A demurrer was filed to this petition by the receiver of the Bank of Nesbitt, appellee here, wherein it was set up that the notice to creditors as given by the said executor was insufficient in law, in that it did not state that letters of executorship had been issued to the appellant, Floyd, by the chancery court of De Soto county, Miss., and that, further, said notice failed to state that claims of creditors of the said estate would have to be probated and registered by the clerk of the court granting letters. The court below sustained the demurrer, and granted an appeal to this court to settle the principles of the case.

Our statute providing for notice to creditors is section 1669, Code 1930, and reads as follows: "It shall be the duty of the executor or administrator to publish in some newspaper in the county a notice requiring all persons having claims against the estate to have the same probated and registered by the clerk of the court granting letters, within six months, which notice shall state the time when the letters were granted, and that a failure to probate and register for six months will bar the claim; and the notice shall be published for three consecutive weeks and proof of publication shall be filed with the clerk," etc.

It is the contention of the appellee that the notice is fatally defective, because it nowhere indicates to creditors what court had granted letters of executorship, and puts emphasis upon the words "probated and registered by the clerk of the court granting letters." In this view the court below concurred. We cannot agree thereto; for we think the notice to creditors under review contained all the essentials mandatorily required by the statute. The record discloses that the chancery clerk of De Soto county was the clerk who issued the letters testamentary in this case. The words "granting letters" is descriptive of the proper clerk, and there is no question in the case here but that this notice required the

person holding the claim to have the same probated and registered by the chancery clerk of De Soto county. That is the correct individual, the right office, and the proper county.

In the case of Marshall v. John Deere Plow Company, 99 Miss. 284, 54 So. 948, this court said with reference to the requirements of notices to creditors and a failure to follow the requirements of the statute, ''That appellee may have had actual notice of the death of the decedent, and of the appointment of appellant as his administrator, is immaterial.'' But there the court was dealing with a material omission from the notice not here involved. However, it is further said in the opinion in that case, ''One object of the notice is to call attention of creditors, so far as this can be done by publication, specifically to the fact that, in order that their claims may not be barred, they must, within one year, have them probated and registered by the clerk of the court granting the letters of administration.''

We think the notice in this case named the clerk of the chancery court of De Soto county; and that court was the one which granted the letters in this case. So far as creditors are concerned, they are informed as to the proper official and the proper county before whom to probate their claims.

We have considered this case in the light of our holding in Bankston v. First Nat. Bank & Trust Co. of Vicksburg, 171 So. 18, in which part of the notice under review was as follows: ''notice is hereby given to all persons having —— against said estate to present the same,'' etc. We held that the blank should have contained the words ''claims,'' or some equivalent word, and that the notice was insufficient in that case to set in motion the statute of limitations; and in this case we are enforcing the following statement of the court: ''It has been held by the authorities above cited that the requirements of the law with reference to the adminis-

tration of estates, and proceedings to establish claims against same, should be strictly followed, and we think that the omission of the word 'claims' in the notice to creditors, and it having no equivalent word, was insufficient to set the statute of limitations in motion. Of course, it is permissible for creditors to file and prove their claims, whether statutory notice is given or not, but unless the notice conforms to the statute, the creditors are not barred from their right to probate their claims. It follows that all claims probated against estates, if lawful, are valid and binding obligations against same, but creditors who have not probated their claims within six months from the giving of a void notice are not barred, and may, thereafter, probate claims under the general statute of limitations. One who invokes a strict doctrine should, himself, conform to the requirements of the statute. . . ."

While we do not commend the form of notice given in the case at bar, we are of the opinion that the notice contains all that is required and necessary under the statute above quoted. On the face of the record, the claim was barred. It was disposed of, however, on demurrer, and the case, must be, therefore, remanded in order that the receiver, the appellee, may file answer to the contest of this claim, if he so desires.

Reversed and remanded.