**REYNOLDS et ux. v. WALL.**

No. 27368.   June 29, 1937.

Rehearing Denied Oct. 5, 1937.

Application for Leave to File Second Petition for Rehearing Denied Oct. 26, 1937.

Woodson E. Norvell and George E. Norvell. for plaintiffs in error.

C. R. Thurlwell, defendant in error.

BUSBY, J. This action is in the nature of a suit for ejectment and to quiet title. It was commenced on October 22, 1935, by Pauline Wall against A. W. Reynolds and wife to enjoin the latter from using a portion of a residential lot in the city of Tulsa and to quiet title to the same in the plaintiff and for damages for certain injuries to said premises alleged to have been committed by the defendants.

The trial court rendered judgment generally in favor of the plaintiff, and the defendants appeal.

The parties will be referred to herein as they appeared in the trial court.

The plaintiff and defendants are the owners of two adjacent 50-foot lots with separate residences and a common garage and driveway located thereon.

Plaintiff purchased her lot on August 28, 1920, from one J. L. Sumner, who in 1919 had shared with the Reynolds the expense of building the garage and driveway. The garage contained storage space for four automobiles, while the driveway was wide enough for the driving of two cars side by side thereon. The intention of Sumner and Reynolds was to construct the garage and driveway so that the center line of the driveway and the party wall separating their respective halves of the garage would coincide with the boundary line between their lots. After some years of use by the parties of the garage and the driveway as constructed and the observance by them of the line marked thereon as the boundary line of their lots, the defendant Reynolds procured a private survey of the same. This survey showed that the center line of the garage and driveway lay a distance of less than 48 feet west from the plaintiff's claimed east boundary line. A later survey obtained by the plaintiff from the county surveyor fixed the true boundary line in the same place as the one obtained by Reynolds. About five or six years previous to the filing of this action, the defendant erected a wire fence extending from the middle line of the rear end of the garage to the rear boundary line of the lots and the plaintiff erected a low wire fence with iron posts on a line a few inches east of the middle line of the driveway and extending several feet in front of the garage. After the two surveys the plaintiff and defendant Reynolds had a conversation in which Reynolds agreed to separate that part of the garage standing on his lot from the part standing on the plaintiff's lot, using the boundary line established by the surveys as the point of division. The defendants had constructed an iron fence in the driveway on the boundary line fixed by the surveys, but a few days later, they tore it down and reset it in line with the center of the garage.

A few months before this action was filed, the tenants on plaintiff's premises began attempts to use and encroach upon the disputed strip of driveway under claim of right.

Plaintiff's petition is divided into four parts, each of which purports to state a separate cause of action, and in the aggregate prays for a permanent injunction against the use by the defendants of the disputed strip, together with damages to the driveway and for loss of rent and for attorney's fees and a quieting of plaintiff's title to said strip as well as the removal of the fence and removal of that part of the garage located on said strip.

Defendants' answer made the contention that a subsisting boundary line between the two properties was established by the oral building agreement had between themselves and plaintiff's grantor, Sumner, and was marked by the party wall in the garage and by the line indented down the middle of the concrete driveway. They further pleaded that the boundary so estab-

lished was supported by adverse possession for more than 20 years, in all of which the plaintiff had acquiesced.

To this answer the plaintiff filed a reply in the form of a general denial.

After the facts as hereinbefore set forth had been established by the evidence, the trial court rendered a judgment granting plaintiff possession of, and quieting her title to, the entire lot bounded as shown by the surveys and ordering the defendant to remove the fences they had placed in the driveway and in the rear of the garage and perpetually enjoining them from going upon said lot, except that an easement was granted the defendants for the use of the east half of the garage as long as it should remain in its present location.

1. The defendants' petition in error contains eight assignments, but all of these except two pertain to the proposition that the trial court's judgment is not sustained by the law concerning the establishment of boundary lines between adjoining tracts of land. In their briefs, they seek to apply the rule of estoppel by acquiescence to defeat the plaintiff's right to recovery and rely on the decisions in the cases of Midland Valley Railroad Co. v. Imler, 130 Okla. 79, 262 P. 1067, and Roetzel v. Rush, 172 Okla. 465, 45 P. (2d) 518. In our opinion, however, the case at bar cannot be brought within the rules followed in those cases. In the latter case, the common owner of two adjoining tracts had changed or re-established the intervening boundary between two tracts of land by conveying the properties into separate ownership. To that case we applied the reasoning of the New York court in the case of Herse v. Mazza, 100 App. Div. 59, 91 N. Y. S. 778, in which opinion the key to the distinguishing feature in the present case is given in the following words:

"The location does not rest upon acquiescence in an erroneous boundary, but upon the fact that the true location was made. * * *"

In the present case there may have been apparent acquiescence for a time in an erroneous boundary, but there was never any vehicle by which such a line was set up as the true boundary line.

The Midland Valley Case, supra, was a case of acquiescence and the facts found by the trial court warranted the application of the rule concerning practical location quoted therein from 9 Corpus Juris, 242, as follows:

" 'If adjoining proprietors **deliberately** erect monuments or fences or make improvements on a line between their lands on the **understanding** that it is the **true** line, it will amount to a practical location. * * *' (Emphasis ours.)

"And on page 243, it is stated:

" 'A practical location not induced by fraud or **mistake** will conclude the parties and their privies, although it may subsequently, after long acquiescence, be ascertained to vary from the course called for in the deeds. * * *' "

The rest of the foregoing paragraph in Corpus Juris reads as follows:

"* * * or grants under which the parties claimed prior to agreement on the line; **but a line run through pure mistake and ignorance is not a practical location, even though silently acquiesced in by an adjoining owner.**" (Emphasis ours.)

And again at page 244, we find the following quotation:

(Section 196) 4. "By Recognition and Acquiescence. a. In General. Recognition of, and acquiescence in, a line as the true boundary line of one's land, **not induced by mistake** and continued through a considerable period of time, affords strong, if not conclusive, evidence that the line so recognized is in fact the true line * * * however, a mere license or passive acquiescence on the part of a landowner in an encroachment by his adjoiner will not conclude him.

"Mutual Mistake. Where a line is recognized and acquiesced in through a mutual mistake the parties will **not be estopped** to assert the true division line.

"Ignorance of Encroachment. Likewise, one who has no knowledge that the building of an adjoining owner encroaches on his lot cannot be held to have lost his right by acquiescence in such occupation no matter how long continued." (Emphasis ours.)

The record evidence in the present case fails to prove any binding understanding or agreement between the builders of the driveway and garage that the middle line thereof should constitute the boundary line of their lots, and we think the reasonable inference to be drawn from the evidence is that the driveway and garage were located as they were by mistake and that neither of the adjoining owners was aware of their true boundary line until they had surveys made. There was no evidence that the line found by the surveys was not the true boundary line. The most that the evidence of the long use of the garage

and driveway as constructed could establish was a presumption of 'an implied understanding or consent that the middle line thereof could constitute the boundary line between the lots. This presumption raised by the acquiescence of the plaintiff in treating it as such was overcome by the proof of mutual mistake contained in. the evidence generally.

The rule that this court will not disturb the judgment of the trial court unless the same is clearly against the weight of the evidence is too well established to necessitate the citation of authority.

In the case at bar, we hold that the evidence of an act and acquiescence of the adjoining owner is not sufficient to constitute estoppel on the part of the plaintiff to deny the location of the true boundary line, and therefore that it cannot come within the rule stated in the Roetzel Case for the practical location of 'a boundary line by recognition and acquiescence. In the Midland Valley Case, the trial court found that the acts of the owners and their acquiescence for more than 15 years was sufficient to establish a presumption of reestablishment of the line or the establishment of a practical location for the boundary line asserted by the plaintiffs. In that case the record on appeal lacked evidence sufficient to overcome this presumption.

2. Under defendants' second and third assignments of error, they contend that the part of the trial court's judgment which granted the plaintiff possession of that part of the driveway covering the strip of land in question, but granting the defendants an easement upon that part of the garage covering said strip, was not asked for by either party and is wholly outside the issues and the evidence.

The judgment of the trial court is sustainable in view of the fact that this is an equitable action and rules restricting courts to the issues in a law case 'are not always strictly applied to equitable relief. The rule was stated in the case of Inman v. Western National Bank of Fort Worth, Tex., 83 Okla. 126, 200 P. 714, as follows:

"A court of equity, looking beyond the mere form of things to their substance, has power to decree such relief to the parties as appears just and right, and as best calculated to protect their rights under the situation presented by the record."

The evidence in this case is clear that the defendants h'ad used one-half of the garage continuously for at least 15 years and until the day of trial had not been disturbed therein. There is some evidence, however, that the plaintiff for a period of months had asserted her right to the disputed part of the driveway 'and had not acquiesced in its use by the defendants, but had succeeded in disturbing them in the use thereof. Since the record discloses no evidence of the plaintiff's disturbance of the defendants' use of the garage, but does disclose a disturbance and nonacquiescence in the use of the driveway, we must assume that the trial court's finding is correct, that the defendants had established a prescriptive right to the use of one, but had not to the other. This court in the case of Burns v. Bastien, 174 Okla. 40, 50 P. (2d) 377, has recently followed the rule that in an equity case, the judgment of the trial court carries with it a finding of all facts necessary to support it which could have been found from the evidence.

As we are unable to say in good conscience that the judgment of the trial court is against the clear weight of the evidence, and we find no error of law therein, the same is hereby affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and HURST, JJ., concur.