RIDDLE v. BRANN.

No. 30192. Jan. 20, 1942.

Rehearing Denied Feb. 24, 1942.

Application for Leave to File Second Petition for Rehearing Denied April 21, 1942. As Corrected Dec. 15, 1942.

*131 P. 2d 999.*

F. E. Riddle and Martin J. Ward, both of Tulsa, for plaintiff in error.

S. J. Montgomery, of Tulsa, for defendant in error.

OSBORN, J. This is an appeal by F. E. Riddle, hereinafter referred to as intervener, from a judgment rendered against him by the district court of Creek county in an action wherein James Brann was plaintiff and James A. Harris and William Harris were defendants, wherein the trial court fixed an equitable lien in favor of plaintiff upon certain funds held by the Texas Company as the proceeds of oil production, to which funds the intervener held an assignment from defendants.

It appears that the property from which the oil was produced has been in litigation since August 4, 1917. The litigation has been before this court on numerous occasions and has twice been before the Supreme Court of the United States.

Some time prior to August, 1917, James A. Harris and William Harris, hereinafter referred to as Harris Brothers, purchased an undivided one-half interest in the real property herein involved. On August 4, 1917, Ison Grayson, joined by many others, commenced an action in the district court of Creek county to recover an interest in the undivided one-half interest claimed by Harris Brothers; on February 21, 1920, the court rendered judgment decreeing the plaintiffs in that action to be the owners of a 9/22nds interest in said land and Harris Brothers to be the owners of 2/22nds and James Brann, plaintiff herein, to be the owner of the remaining 11/22nds, or one-half interest. Brann was appointed receiver to take charge of the 9/22nds interest in the land decreed to plaintiffs and the 9/22nds of the oil and gas produced therefrom and hold the same pending final disposition of the case. No receiver was appointed to take charge of or collect for the oil and gas produced from the 2/22nds interest decreed to Harris Brothers. The plaintiffs did not appeal from said judgment but Harris Brothers prosecuted an appeal. In view of plaintiffs' failure to appeal, the 2/22nds interest in the property thereupon became vested in the Harris Brothers. From the judgment entered on February 21, 1920, there was extended litigation. Since the issues involved herein relate to the 2/22nds interest it is unnecessary to relate further details regarding the litigation between the plaintiffs in the original action and the Harris Brothers.

The action in the instant case was instituted on December 17, 1936, in the district court of Creek county, in which Brann sought to recover certain monies alleged to be due him from Harris Brothers for their proportionate part of the expense incurred in the operation of the property. We are here concerned with only a portion of the funds involved therein and find it unnecessary to quote all of the allegations of the plaintiff's

petition. In so far as pertinent to the present controversy, plaintiff alleged as follows:

"Second Cause of Action

"Comes now the plaintiff and for his second cause of action against the above named defendants and each of them, alleges and avers:

"That the lands described in his first cause of action became involved as described in his first cause of action, in extensive litigation, and that he was appointed receiver as described in his first cause of action, and that as such receiver, operated and controlled said property, and that the same was an operating oil and gas lease, producing oil, gas and casing-head gasoline, and that between the dates of December, 1927, and November, 1935, said defendants were the owners of an undivided one-eleventh of said property, and that said one-eleventh or two-twenty-seconds was never involved in the litigation in plaintiff's first cause of action, but was the property of said defendants and that it was necessary, because of the nature of said property, to operate the entire estate which included said one-eleventh interest, and in said operation thereof it was necessary to furnish material and equipment and make various expenditures as the operator thereof, and that he did make such expenditures and that the said defendants and each of them agreed and promised that such expenditures and charges so made would be repaid out of the proceeds of said one-eleventh interest, and that he would be reimbursed thereby. That on December 9, 1927, the Texas Company, who were the purchasers of the oil, gas, and gasoline from said interest, impounded and retained all the proceeds that were due said one-eleventh interest, and do so now hold the same and have refused to distribute them until a proper order of court be made, relieving them from any obligations after said distribution is made. Plaintiff says that on the 9th day of March, 1936, he filed a lien against said estate and said defendants' interest therein in the court clerk's office of Creek county, Oklahoma, and gave due notice thereof to said defendants. A copy of said lien is hereto attached, marked plaintiff's Exhibit 'D' and made a part of this petition as though set out herein in full, and that said statement has appended thereto a verified account, properly itemized, showing all expenditures and expense charged against said interest in said property, amounting to a total sum of $1,651.13, and that this amount has remained and does now remain unpaid.

* * *

"Third Cause of Action.

"Comes now the above named plaintiff and for his third cause of action, pleading in the alternative pleads all the matters and things set out in his second cause of action, and those things made a part thereof by exhibits and by reference therein, and shows to the court that by virtue of the facts involved therein, if said court should refuse to permit him to foreclose his lien upon the oil and gas estate therein described, as a lien against an oil and gas estate or a mechanic's or materialman's lien and labor lien under and by virtue of the provisions of law applicable in the State of Oklahoma concerning said liens, that he be declared to have an equitable lien upon said leasehold estate and upon said funds impounded in the hands of the Texas Company, and that said equitable lien be declared foreclosed and said property sold in accordance with said decree and that he have judgment of and from the said defendants and each of them in the sum of $3,988.63. * * *"

On February 24, 1940, F. E. Riddle was granted leave to intervene and on March 8, 1940, filed his petition in intervention wherein he alleged a transfer and assignment of the money and funds held by the Texas Company, the proceeds of the oil produced from the interest of Harris Brothers in the lands involved herein. It appears that sometime in 1933 the attorney who had represented Harris Brothers in the litigation died and intervener herein, who is an attorney, was retained to represent Harris Brothers in the litigation; that in payment of his fee they made an oral assignment of all their interest in the fund accumulated in the hands of the Texas Company, and on January 28, 1935, the assignment was reduced to writing.

The cause proceeded to trial and witnesses were called and examined. At the conclusion of the hearing the trial court entered findings of fact in which it was found that plaintiff, Brann, as the owner of an undivided ½ interest in the lands involved herein, had operated the oil and gas lease; that for a time "the Harrises paid to him, the plaintiff, James Brann, or refunded to him their proportionate part of the operating expenses". The court found that in 1927 Harris Brothers quit paying their portion of the costs of operating the property for oil and gas and plaintiff continued the operation thereof for himself and for them, paying all the expenses of operation until he had paid out as their portion of such operating expense the sum of $1,651.13. The court further found:

"As to the 2nd and 3rd causes of action, which are being tried at this time, upon petition of the plaintiff, as between plaintiff and the intervenor, F. E. Riddle, to which the foregoing statement, as outlined above, applies, it is the judgment of the court that the plaintiff have judgment for the sum of $1,651.13, the amount which it appears he has actually spent from his own funds to operate the 2/22nds interest in said land, that is that that amount is the proportionate part of the Harrises, and their assigns, due the plaintiff on account of the operation of said lease, and that the lien filed and established in this case be impressed against the leasehold estate and will be foreclosed as provided by law, that all of the funds in the hands of The Texas Company, being the proceeds of oil purchased from said lease, that the plaintiff have an equitable lien against that fund insofar as it pertains to $1,651.13 and that The Texas Company be ordered to pay the same into court, to be presented to the plaintiff herein.

"This equitable lien is established for the reason that the operator of the lease is required, in order to operate, to spend this money from his own pocket, the owner of that interest paid for awhile, and then quit, and thereafter he appears to want a 'free ride' and take advantage of the situation, and to take this money and put it back where it belongs, to the operator of the lease, who has so generously paid out his money in their behalf. I do not believe that equity would just stand by and allow a situation like that to develop and defeat a just claim for reimbursement in the matter.

"For establishment of the lien above mentioned the plaintiff's attorney is allowed a fee of $250.00."

Judgment was entered in accordance with the above findings.

It is urged first that the issues involved herein were adjudicated in favor of the intervener in the case of Riddle v. Grayson, 187 Okla. 647, 105 P. 2d 248. That was an action wherein the original plaintiffs sought to establish a lien against the funds involved herein to satisfy an indebtedness owed to them by Harris Brothers which was disclosed in an accounting proceeding for oil taken from the lands prior to the litigation. The intervener herein had filed a petition in intervention in that action setting up his assignment. The issues were discussed at length by this court in its former opinion and were determined in favor of the intervener herein. It is urged that since plaintiff herein was a party to the former proceeding, the adjudication in that case that intervener was the absolute owner of the funds involved in both actions is binding and conclusive upon plaintiff. It appears, however, that plaintiff's claim was neither asserted nor adjudicated in the former proceeding. The judgment of the trial court in the former action fixing a lien in favor of plaintiffs therein was filed on November 30, 1937; the petition in intervention was filed therein on the same date; judgment denying relief to the intervener was entered on February 14, 1938; the opinion of this court was entered on January 9, 1940. As heretofore stated, the instant action was instituted on December 17, 1936, and was pending before the district court of Creek county during the time the litigation with reference to intervener's claims was in progress in the former action. Obviously, plaintiff could not be required to assert his claims in two actions which were pending at the same time. There is no merit in the interven-

er's claim of former adjudication. The failure of plaintiff to present his claim for adjudication in the former action does not estop him from seeking such adjudication in the instant action.

It is next contended by the intervener that the plaintiff's petition did not state facts sufficient to show either a statutory or equitable lien against the funds involved herein. We must determine first, however, whether or not that question is properly presented.

As heretofore pointed out, this appeal is by petition in error and transcript. None of the evidence heard by the trial court is before this court. It is well established in this jurisdiction that in a case of equitable cognizance the judgment of the trial court carries with it a finding of all facts necessary to support it which could have been found from the evidence. Burns v. Bastien, 174 Okla. 40, 50 P. 2d 377; Reynolds v. Wall, 181 Okla. 110, 72 P. 2d 505, 113 A. L. R. 417. In the instant case we must assume that all of the elements necessary to establish an equitable lien upon the property involved herein were sufficiently established by competent evidence. It is likewise well established in this jurisdiction that a judgment of the trial court will not be reversed because of defects or omissions in the petition when such defects or omissions are supplied by the proof without objection. Buckholts v. Wright, 186 Okla. 230, 97 P. 2d 44; Ward v. Coleman, 170 Okla. 201, 39 P. 2d 113; Lamb v. Ulrich, 94 Okla. 240, 221 P. 741; St. L.-S. F. Ry. Co. v. Simmons, 116 Okla. 126, 242 P. 151. Insofar as the record before us is concerned, the intervener at no time, by demurrer or otherwise, challenged the sufficiency of plaintiff's petition.

Since in the instant case we must assume that all necessary proof has been made, we may not reverse this cause for insufficiency of the pleadings. It thus appears that insofar as the sufficiency of plaintiff's pleadings are concerned, there is nothing before this court for review.

Various other contentions have been examined and have been found to be without substantial merit.

It is conceded that the judgment of the trial court purporting to render a personal judgment against F. E. Riddle is erroneous, and that portion of the judgment is reversed, otherwise, the judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and BAYLESS, GIBSON, HURST, DAVISON and ARNOLD, JJ., concur. RILEY, J., absent.