**KASNER et al. v. REYNOLDS.**
No. 35572.

Supreme Court of Oklahoma.
Feb. 16, 1954.
Rehearings Denied March 2 and April 6, 1954.

Arnold T. Fleig, Oklahoma City, for plaintiffs in error.

Lee G. Gill, Oklahoma City, for defendant in error.

O'NEAL, Justice.

From the judgment granting Joanna Reynolds a mandatory injunction the defendants, M. Kasner and Irene Kasner, appeal.

The parties will be referred to herein as they appeared in the trial court.

The facts are not in substantial dispute. The parties entered into a Stipulation which discloses that the plaintiff is the owner of Lot 3 and the west 11⅓ feet of lot 4, in Block 1, in Knott & Gillespie's Addition to Oklahoma City, Oklahoma; that the defendants are the owners of the north 40 feet of lots 1 and 2 in block 1, in said addition, and that each of said lots are twenty-five feet in width; that on the 1st day of November, 1947, defendants erected a stone building on the north forty feet of lots 1 and 2. The building included an outside stairway and a cement walk running along the east side of the building.

The issues of fact between the parties are whether the building and appurtenances thereto are located solely on defendants' lots or whether they are located in part upon the plaintiff's lot 3. The further question posed was, if the court found defendants' building and appurtenances encroached upon the plaintiff's lot, was she entitled to injunctive relief, and to a decree quieting title to her property, and also a judgment for the fair cash market value of the use of plaintiff's lot by defendants, by reason of the encroachments thereon.

In addition to the pre-trial stipulation, oral evidence was introduced to which we shall advert, infra.

The trial court made a general finding in favor of the plaintiff and rendered a judgment for mandatory injunction commanding the defendant to remove the building from plaintiff's lot, and a further judgment in the nature of the rental value of the strip of land wrongfully occupied, in the sum of $235.

Defendants' motion for a new trial was overruled and they appeal, and for grounds of reversal state:

"(1) The trial court deprived defendant of its day in court by erroneously holding that a judicial determination of boundaries was precluded by reason of the proceedings before the county surveyor, etc.

"(2) Regardless of the asserted finality of the county surveyor's finding respecting boundaries, a new and different boundary could be established by agreement, acquiescence, estoppel or prescription, and the court erred in failing and refusing to consider the evidence offered, or any evidence in support of these defenses.

"(3) In any event, the plaintiff was not entitled to the extraordinary relief of a mandatory injunction."

After the submission of the case the trial court indicated an intention to find the issues generally in favor of the plaintiff, but at the same time continued the case for final judgment. Upon the date for the entry of a final judgment, defendants requested leave to file an amended answer to which we shall refer, infra.

The court permitted the filing of the amended answer with the proviso that it would be considered solely on the question of whether the plaintiff was entitled to a mandatory injunction. Additional evidence was thereafter introduced in part in support of defendants' proposed amended answer.

The original answer of the defendants was in the nature of a general denial and an allegation that they were the owners of the north forty feet of lots 1 and 2 in said addition, and that these defendants constructed the building thereon which is 40' x 47' in compliance with the building code of the City of Oklahoma City.

In their amended answer they pleaded that the determination of the boundary dispute was not binding or conclusive by reason of a certain survey made by the County Surveyor, pursuant to provisions of Title 19 O.S.1951 § 582 et seq.; that if such survey is held to be conclusive, same constitutes a taking of their property without due process of law in violation of Article II, Section 7, of the Oklahoma Constitution, and also of the 14th Amendment of the Federal Constitution; they further pleaded that the boundaries of their lots were surveyed prior to the erection of the building thereon, by a licensed surveyor, and that if there is an encroachment, as alleged by plaintiff, it was unintentional and the result of an innocent mistake.

It was further pleaded that the encroachment in any event was slight, and that the building could not be removed without its

practical destruction; that the encroachment, if any, does not substantially deprive plaintiff of the use of her lots, and that it therefore would be inequitable to require the removal and destruction of their building.

It was pleaded that for many years prior to the erection of the building the owner of lots 3 and 4 had constructed a wire fence between said lot 3 and the defendants' lot 2, which fence all parties assumed was constructed upon the dividing line of their respective properties; that thereafter plaintiff stood by during the construction of defendants' building and made no complaint of encroachments, and after its completion requested defendants to build a new fence upon the exact line of the former fence which had been partially destroyed during the building operations.

Plaintiff seeks to sustain the judgment rendered upon the theory that where as here plaintiff, subsequent to the filing of her present action, requested the County Surveyor to survey her lots under the provisions of Title 19 O.S.1951 § 582 et seq., that such survey was conclusive against defendants, and also binding upon the trial court's determination of the boundary lines.

The County Surveyor testified in support of his survey, that the defendants' building encroached upon plaintiff's lot 3, as follows: On the south side of the building it encroached 1.6 of one foot and on the north side of the building it encroached 1.75 feet. The sidewalk running the full length of the building on the east side thereof encroached 2.95 feet more on the south and 3.2 feet more on the north of the building, making a total encroachment of 4.55 feet on the south and 4.95 feet on the north of the true property line between plaintiff's lot 3 and defendants' lot 2. The building thus encroached 18 inches on the south and 21 inches on the north over and upon plaintiff's lot 3, and the sidewalk extended an average of 4.75 feet over on plaintiff's lot 3.

In support of defendants' answer they called as a witness a civil engineer who testified that at defendants' request he made a survey of defendants' lots 1 and 2 in 1947; that he placed wooden stakes upon the lots indicating the boundaries thereof for the erection of a building thereon.

The evidence is without dispute that to remove the east wall of the two-story stone building and set it back 21 inches, and to reinstall plumbing and wiring and other necessary repairs upon four apartments in the building, and to construct other ways of ingress and egress it would entail a cost of $5,000 to $6,000.

During all of the period of construction of the building the plaintiff resided in her residence upon said lot 3 and part of lot 4, and during such construction observed the work as it progressed and made no complaint with reference to the location of the building, the approaches thereto, or the walk running along the east side thereof. It is further disclosed that after the building was constructed, plaintiff requested the defendants to construct a new fence in the same position as the former fence which had been damaged during building operations.

The decree discloses that the court found plaintiff was the owner of lot 3 and the west 11⅓ feet of lot 4, and that defendants' building and appurtenances encroached upon plaintiff's lot 3, as testified to by the County Surveyor and ordered the defendants to remove said encroachments on or before July 21, 1952. A judgment was also rendered in favor of the plaintiff for the sum of $235, found to be the usable rental value of the lots so encroached.

We have examined the entire record to determine whether the mandatory injunction was properly entered. The evidence does not disclose that the defendants willfully or intentionally constructed these encroachments on plaintiff's lot 3. The evidence that the defendants employed a civil engineer to make a survey of lots 1 and 2 preparatory to the erection of the building thereon, reasonably supports a conclusion of good faith and sustains a reasonable presumption that the encroachments were inadvertently made.

■ In our disposition of the case we note that the plaintiff did not seek to recover damages for the value of that portion of lot 3 encroached, but limited her demand for

a money judgment based upon the rental value of that portion of the lot so encroached. In fact, plaintiff here disavows any claim for damages for land wrongfully appropriated. The full burden of her argument is related to her asserted right to a mandatory injunction, whether the encroachment is slight or otherwise, or whether intentionally or inadvertently made. Moreover, she contends that no consideration should be given as to the relative costs or damage to remove said encroachments as compared to the value of her lots or their use. Further, that the court should not give any consideration to the matters pleaded in defendants' amended answer filed with permission of the court, subsequent to the rendition of a general finding in favor of the plaintiff. We cannot agree with these contentions, for here we sit in the position of a Chancellor to mete out equity as the peculiar facts warrant.

In Reynolds et ux. v. Wall, 181 Okl. 110, 72 P.2d 505, 113 A.L.R. 417, we held:

"The judgment of a court of equity is not confined to the issues raised by the pleadings, but it may decree such relief to the parties as appears just and right and best calculated to protect the rights of the litigants under the situation presented by the record."

And in Inman, Adm'r v. Western Nat. Bank of Ft. Worth, Texas, 83 Okl. 126, 200 P. 714, 716 we said:

"'A court of equity, looking beyond the mere form of things to their substance, has power to decree such relief to the parties as appears just and right, and as best calculated to protect their rights under the situation presented by the record.'"

Plaintiff persuasively presents argument that where the County Surveyor has made an official survey upon notice to defendants, that the survey is conclusive in the absence of an appeal as provided by Title 19 O.S. 1951 § 582, et seq.

■ Conceding that plaintiff's position is tenable it does not follow that plaintiff is entitled to a mandatory injunction. The granting of a mandatory injunction is largely a matter of discretion with the court and

depends upon a consideration of all equities between the parties.

The rule is announced in 43 C.J.S., Injunctions, § 67, at p. 534, as follows:

"Where the landowner is aware of, or consents to, an encroachment at a time when it can be removed at small cost, he will not be allowed a mandatory injunction decreeing removal at a later time when the cost of removal would be comparatively great, as where plaintiff stands by and makes no objection until the greater part of the work has been completed, and is endeavoring only to secure the amount of damage occasioned to his property before the work was completed, * * *."

In Nebel v. Guyer, 99 Cal.App.2d 30, 221 P.2d 337, 339, the California Court announced the rule as follows:

"The rule was early recognized that where the encroachment is slight, the cost of removal will be great and the corresponding benefit to the adjoining owner small, or compensation in damages can be had, a court will ordinarily decline to compel removal, and will leave the complaining party to his remedy at law. See 1 Corpus Juris, 1209, 2 C.J.S., Adjoining Landowners, § 36. Also see 32 Corpus Juris, 77–78, 43 C.J. S., Injunctions, § 30, where it is said that when the issuance of an injunction will cause great injury to defendant and will confer very little benefit upon complainant in comparison it is proper to refuse an injunction, especially where the right is doubtful or where money damages will compensate plaintiff."

The Supreme Court of Colorado, en Banc, in Golden Press, Inc. v. Rylands, 1951, 235 P.2d 592, cited with approval Nebel v. Guyer, supra.

■ We are of the view that upon the basis of the allegations in plaintiff's petition and defendants' answer and amended answer when considered in conjunction with the proof, a mandatory injunction compelling the removal of the building here involved should not be granted.

The judgment insofar as it grants injunctive relief is reversed. The judgment for

the usable rental value of the lot en-
croached prior to November 20, 1951, is
affirmed.

HALLEY, C. J., JOHNSON, V. C. J.,
and CORN, DAVISON, WILLIAMS and
BLACKBIRD, JJ., concur.