O. M. IRELAN and Daisy D. Irelan, Plaintiffs in Error,

v.

Lena HALL, Defendant in Error.

No. 36740.

Supreme Court of Oklahoma.

Feb. 21, 1956.

Rehearing Denied April 10, 1956.

Amos J. Nichols, Tulsa, for plaintiffs in error.

Moraul Bosonetto, Sapulpa, for defendant in error.

**PER CURIAM.**

The parties occupy the same relative position as in the trial court and will be referred to herein as they there appeared.

Plaintiffs are the owners and reside on the North 53⅓ feet of Lot 4, Block 97, City of Sapulpa. Defendant is the owner and resides on the North 39.3 feet of the South 53.3 feet of said lot and block. Said properties are adjacent. Approximately 25 years prior to the institution of the present action, to keep plaintiffs' small children and horse from over-running both yards, plaintiffs and defendant, acting together, each paying one-half of the costs, erected a fence between their properties. In constructing the fence, plaintiff, Daisy D. Irelan, in the presence of defendant measured from the street and along the back side of her lot a distance of 80 feet, which measurement came to a certain post located on the west boundary of the respective properties. It was agreed by the parties that such post was the west point of division on the east-west boundary line dividing their respective properties. The fence now in controversy was erected by said plaintiff and defendant, laboring together, plaintiff by eye sighting the line of posts. Such fence continued from its point of beginning generally in an easterly direction to a point either 33 feet or 42 feet from the east boundary of the properties and it was thought by both plaintiff and defendant to be upon the true division line of their properties. Sometime prior to the institution of the instant case plaintiff began the construction of an additional room on her home, the foundation therefor being set within two feet of the fence line. Thereafter, as the result of successive surveys by both the county engineer and county surveyor of Creek County, the defendant learned for the first time that said fence was not in a straight line and meandered from its point of beginning, thereby taking in approximately 9 inches of her property. She then began to tear down said fence with a view of building a new stone fence on the exact division line. Thereupon, this action was instituted by plaintiffs, seeking a permanent injunction restraining defendant from interfering with said fence.

The trial court rendered judgment in favor of defendant denying the injunction, and plaintiffs appeal.

Plaintiffs contend as ground for reversal that the trial court committed error in rendering judgment for the defendant. Their briefs and argument present but one question as decisive of the issue. That is, the location of the boundary line between adjacent landowners. No other propositions are presented in the briefs, and none other will be considered. Their brief, in effect, seeks to apply the rule of estoppel by acquiescence to defeat defendant's right to recovery and cite in support thereof the cases of Rocher v. Williams, 183 Okl. 221, 80 P.2d 649; Lewis v. Smith, 187 Okl. 404, 103 P.2d 512; and Lake, for Use and

Benefit of Benton, v. Crosser, 202 Okl. 582, 216 P.2d 583.

Numerous cases have been reported in this and other jurisdictions dealing with the question herein involved. All of said cases reach the same general conclusion. In each of the cases reported two general situations exist. First, where the boundary line is acquiesced in by the adjoining landowners, but one or both of said owners do not actively participate in its establishment; and, second, where the establishment or marking of the boundary line is the result of the actions of both parties.

In cases of this jurisdiction the second category above has been further subdivided into two groups of cases; first, those wherein both adjoining owners, without any agreement as to its effect, participate in marking what they think is the exact boundary line described in their deeds, but a mistake is made as to the location; and, second, those wherein the exact location is unknown but the owners mutually agree to the location of their boundary line, though it may vary from the description in their conveyances.

The record in this case discloses that both parties knew where their properties were located and what the descriptions in their respective conveyances called for. There was no mistake on the part of either as to where the division line between their respective properties should be located. They intended to and did measure to a point which would establish the location of such division line. There was no agreement between them that they were establishing anything other than a common barrier. By mutual mistake in erecting such barrier, in measuring only the west point of the division line, and attempting to run a true line by eyesight alone they made an honest mistake in erecting the fence upon only a portion of the true division line between them. We are of the opinion that this is the exact situation described in the case of Reynolds v. Wall, 181 Okl. 110, 72 P.2d 505, 113 A.L.R. 417, wherein we said:

> "Where two adjoining landowners mutually acquiesce for a long period of time in treating a line as the boundary between their properties, such acquiescence creates a presumption of an implied agreement or mutual consent to the establishment of said line as the true boundary line, but this presumption may be overcome by evidence that such acquiescence was founded upon mutual mistake."

Recognizing the rule, that, "Where a line is recognized and acquiesced in through a mutual mistake 'the parties will not be estopped to assert the true division line," and finding no error of law herein, the judgment of the trial court is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, HALLEY, BLACKBIRD, JACKSON, and HUNT, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner JEAN R. REED, and approved by JAMES H. NEASE and J. W. CRAWFORD, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.