INTERNATIONAL PAPER COMPANY, Appellant,

v.

J. T. BRIDGES, Appellee.

No. 18188.

United States Court of Appeals
Fifth Circuit.

June 22, 1960.

Rehearing Denied Aug. 2, 1960.

Elliott Adams, Jacksonville, Fla., for appellant. McCarthy, Lane & Adams, J. D. Raye, Jacksonville, Fla., of counsel.

Clarence E. Brown, Lake City, Fla., for appellee. Brannon, Brown, Smith & Norris, Lake City, Fla., R. C. Horne, Madison, Fla., B. Lamar Tillman, Valdosta, Ga., F. B. Harrell, Jasper, Fla., of counsel.

Before HUTCHESON, JONES and WISDOM, Circuit Judges.

PER CURIAM.

This is an appeal from a summary final judgment, made and entered October 17, 1959, and from an order granting motion for summary judgment in part, entered August 6, 1955, by the United States District Court for the Southern District of Florida, Jacksonville Division, in an action of ejectment and for the establishment of boundaries.

The appellant, plaintiff below, is International Paper Company, a New York corporation. The appellee, defendant below, is J. T. Bridges, of Hamilton County, State of Florida.

The suit was brought by the appellant to establish the boundary and recover possession of a tract of land situate in Hamilton County, Florida, to which appellant claims title and prior possession. The appellee is in possession of the land and refuses to surrender possession thereof to the appellant.

On motion of appellee for summary judgment and motion to test the legal sufficiency of appellant's chain of title, the court, on August 6, 1955, holding that appellant's chain of title was not legally sufficient, granted the motion for summary judgment as to that part of the complaint based upon appellant's chain of title. On October 17, 1959, the court, holding that there was no material issue of fact as to the claim of appellant to prior possession of the land, granted appellee's further motion for summary judgment and entered final judgment dismissing appellant's suit with prejudice.

Appealing from the judgment, appellant is here insisting that there were and are in the case genuine issues of material facts and that, in disposing of the cause by summary judgments, the district judge deprived the plaintiff of a trial upon the issues tendered by it in its pleadings and supported by its affidavits. These issues were and are: (1) whether the lines which plaintiff claims as the true boundary between it and defendant is the true line, as established by the Harris Survey in 1821, under which both plaintiff and defendant claim; (2) whether, if it is not the true line as originally established, it is the boundary line between plaintiff and defendant, established by agreement and acquiescence; and (3) whether plaintiff's affidavits made and tendered an issue of prior possession which, though controverted by the affidavits of the defendant, could be resolved only by trial.

We find ourselves in full agreement with these contentions. The suit is in its essence a boundary suit, and, in its determination on this record, summary judgment had no place.

In granting the first motion for partial summary judgment, the court incorrectly assumed that the issue for decision was whether the original Harris Survey of 1821 or the Henderson resurvey of 1879, controlled. Instead, the issues tendered were: (1) where, following the footsteps of the original surveyor, the line would be found on the ground to be, that is whether the line claimed by plaintiff or that claimed by defendant was the true line, and (2) whether, if the original line was different from the line as plaintiff claims it to be, the facts establish an agreement for, or the acquiescence in, the location of the boundary line as claimed by plaintiff. It is well settled in Florida, Euse et al. v. Gibbs, Fla., 49 So.2d 843; Daggett v. Willey, 6 Fla. 482; 4th Fla.Jur. 590; and generally elsewhere,[1] that, where the boundary lines of adjoining land owners are not definitely known or their location is in dispute, such owners may establish the lines either by a written or a parol agreement, and it is equally well settled that an acquiescence in the line fixed by oral agreement need not be for the full statutory period required in cases of adverse possession.

In granting the motion for final summary judgment, the court incorrectly resolved as matter of law factual controversies presented by the conflicting affidavits filed by plaintiff and defendant, which could only be resolved on a trial.

It will serve no useful purpose for us to cite any of the multitude of cases from this and other circuits dealing with summary judgment procedure. It is sufficient to say that on the record and under the authorities, it is quite clear that within the established principles, this is a case not for summary judgment but for trial. The judgment is, therefore, re-

**1.** Reynolds v. Wall, 181 Okl. 110, 72 P. 2d 505, 113 A.L.R. 421 et seq.; 8 Am. Jur., "Boundaries", Sec. 72; 11 C.J.S. Boundaries § 22, p. 567; 7 Tex.Jur. "Boundaries", Secs. 59–61, pp. 200–209; Schiele v. Kimball, Tex.Civ.App., 150 S.W. 303; 113 Tex. 1, 194 S.W. 944.

versed and the cause remanded for further and not inconsistent proceedings, including a trial on the merits.

Reversed and remanded.