ASSOCIATED BUILDERS AND CONTRACTORS OF OKLAHOMA, an Oklahoma Non-Profit Corporation; Powell Construction Company, an Oklahoma Corporation; E. V. Cox Construction Co., Inc., an Oklahoma Corporation; Cooper Brothers, Inc., an Oklahoma Corporation; Republic Paving Co., Inc., an Oklahoma Corporation; Dudley Mitchell, an individual resident of Oklahoma County, Oklahoma; Roy Spradling, an individual resident of Oklahoma County, Oklahoma; I. V. Powell, Jr., an individual resident of Tulsa County, Oklahoma; Dan Cooper, an individual resident of Oklahoma County, Oklahoma; and Jimmie E. Cox, an individual resident of Oklahoma County, Oklahoma, Appellants,

v.

STATE of Oklahoma, ex rel., OKLAHOMA DEPARTMENT OF LABOR, and William E. Foster, the Commissioner of the Oklahoma Department of Labor, Appellees,

and

United Brotherhood of Carpenters and Joiners of America, Local Union No. 943, its members and Walter Stockton; et al., Intervenors-Appellees.

Nos. 52089, 52350.

Supreme Court of Oklahoma.

April 28, 1981.

Kothe, Nichols & Wolfe, Inc., Gerald G. Stamper, Jerry R. Nichols, Thomas P. Nally, Tulsa, for appellants.

Jan Eric Cartwright, Atty. Gen., John Paul Johnson, Asst. Atty. Gen., for appellees.

Maynard I. Ungerman, John B. Wimbish, Ungerman, Conner, Little, Ungerman & Goodman, Tulsa, for intervenors-appellees.

SIMMS, Justice.

These appeals arise from two orders of the trial court, consolidated before this Court, sustaining appellees' demurrers to appellants' amended petition. At issue are both the constitutionality of the Minimum Wages on Public Works Act, 40 O.S.1971, § 196.1, et seq., and the applicability of the Administrative Procedures Act, 75 O.S.1971, § 301, et seq., to prevailing wage determinations and rules promulgated by the Oklahoma State Department of Labor relating thereto.

Appellants are an association of non-union contractors and individual contractors operating in Oklahoma (plaintiffs below). Appellees include the State Department of Labor, the Commissioner of Labor (defendants below), and numerous interested trade unions operating in Oklahoma (intervenors below).

The Minimum Wages on Public Works Act (hereinafter Act) establishes a statutory scheme for providing that a wage of no less than the prevailing wage in a locality for work of a similar character will be paid to all workmen employed by any public body engaged in public works projects. 40 O.S.1971, § 196.1. Before any public body awards a contract for public works, it must obtain from the Commissioner of Labor his ascertainment of prevailing wage rates for various classes of workmen for the locality in which the work will be performed. This rate must be specified by the public body in its call for bids which, once advertised, cannot be altered until the contract expires. The public works contract must contain a stipulation that no less than the prevailing rate as found by the Department of Labor shall be paid, and the contractor is directed to pay no less than that ascertained amount in the execution of the contract. 40 O.S. 1971, § 196.5. The Commissioner of Labor is directed to investigate and determine the prevailing rates of wages in localities, 40 O.S.1971, § 196.6, and to investigate violations and enforce the Act. 40 O.S.1971, § 196.4.

Appellants' allegations of error concern primarily three separate acts of the Commissioner done in furtherance of his statutory duties:

(1) The promulgation of certain rules for the Commissioner's use in making prevailing wage rate determinations;

(2) The procedure used by the Commissioner at a hearing held pursuant to a protest to a particular prevailing wage rate determination; and

(3) The legality of the Commissioner's issuance of prevailing wage rate determinations based solely on rates supplied by the U.S. Department of Labor pursuant to the federal Davis-Bacon Act, 40 U.S.C. 276 a.

On July 1, 1977, the Commissioner of Labor published a notice in the Oklahoma Gazette that he would hold a hearing on July 21, 1977, relative to certain rules he intended to promulgate for his use in making prevailing wage rate determinations in a locality. At that hearing, since there were many conflicting views expressed, he appointed an 18 member committee from those attending to study the proposed rules and make recommendations. That committee met three times in August, 1977.

Thereafter, before any of the above rules were adopted, the Commissioner issued a prevailing wage determination in September, and then another one, superceding the first, October 28, 1977.

Appellants then came forward and properly filed a protest to the accuracy of the October determination, pursuant to 40 O.S. 1971, § 196.6, which allows objections, hearings, and appeals to a prevailing wage rate determination. A hearing was had pursuant to appellants' protest at which no evidence was taken, since the Commissioner announced that he agreed that the October determination was inaccurate, and that he would withdraw it, along with the September determination which was based on the same data. On January 16, 1978, the Commissioner issued his final order sustaining appellants' objections to the October determination, and withdrew both the October and September determinations on a finding that they were not supported by substantial evidence. He also made certain conclusions

of law, an appeal from which being the basis of appellants' second cause of action.

Thereafter, the Commissioner decided that instead of using the previous determination in effect, issued in March, 1977, he would use the prevailing wage rate determinations done by the U.S. Department of Labor according to the federal Davis-Bacon Act, 40 U.S.C. § 276a, and he made numerous prevailing wage determinations thereafter according to the federal rates.

Then, on January 27, 1978, the Commissioner issued and filed with the legislature a set of rules and regulations for use by his department in ascertaining prevailing wage rate determinations in the future, which were the subject of the July and August hearings. At the time of this action, no determinations had been made pursuant to these rules.

The record shows a great deal of confusion among the parties concerning the issues presented below and on appeal. This confusion was in part stimulated by the Commissioner's administrative "nonhearing" on his October 28, 1977 determination, at which he allowed no evidence to be presented, and made no prevailing wage rate determination, yet made findings of fact and conclusions of law pursuant thereto.

## I.

Appellants initially assert that the Commissioner of Labor is required to follow the Administrative Procedures Act (hereafter APA) when making prevailing wage rate determinations and rules for use therefor. Appellee's counter-argument is based on the specific statutory procedure outlined in 40 O.S.1971, § 196.1, et seq., and the APA definition of "rule", that it specifically excepts these Labor Department functions, by excluding from the definition:

(B) the approval, disapproval or prescription of rates;

(C) statements concerning only the internal management of an agency and not affecting private rights or procedures available to the public. 75 O.S.1971, § 301(2).

We find no merit in appellees' argument.

The Commissioner's duty is to investigate and determine the current prevailing hourly rate of wages in localities. 40 O.S.1971, § 196.6(A). He is not directed to approve, disapprove, or prescribe anything. Nor are the rules describing how these determinations are to be made merely directives intended for the internal management of the Labor Department. They are rules of generalized applicability which include important statements of department policy, relative not only to procedures, but to substantive criteria to be used, and the weighing of these criteria, in making prevailing hourly wage rate determinations. It is more reasonable to assume that had the legislature intended to except these Department of Labor functions from the APA, it would have specifically done so.

■ We hold that the Department of Labor is subject to the provisions of the APA when making prevailing wage rate determinations and rules for use therefor where those provisions are not in express conflict with the specific statutory authority contained in the Minimum Wages on Public Works Act. *Brown v. Banking Board, Okl., 512 P.2d 166 (1973).*

## II.

Appellant next urges this Court to enjoin the Commissioner from issuing any prevailing wage rate determinations until his office substantially complies with the APA. Whatever may be the merits of this argument, it is not properly before this Court.

Appellants' first cause of action prays that the Commissioner be enjoined from making any prevailing wage determinations pursuant to the January 27, 1978 rules because those rules were established in violation of the APA notice requirements in 75 O.S.1971, § 303. Specifically, they claim that the rules adopted contained numerous rules that were never mentioned in the original July 1, 1977 notice, so that the original notice of hearing was insufficient to apprise interested parties so they might appear and be heard.

The trial court sustained appellees' demurrer to this first cause of action on a finding, after an evidentiary hearing on the preliminary injunction, that the Commissioner substantially complied with the APA, specifically refusing to decide whether compliance was in fact necessary.

We need not decide whether the Commissioner did substantially comply with the APA. It is clear that the ruling of the trial court was based on a finding that appellants had actual notice of the proposed rules at all times. The record shows that not only did appellants appear at the hearing and voice their objections, but that all but one of them participated in the subsequent committee meetings. They cannot claim error in an alleged insufficient notice when the facts show that they were present at the hearings, and had ample opportunity to be heard. Nowhere is it shown appellants were surprised or prejudiced by the variance alleged, or that they did not have time or opportunity to present their objections.

Appellants further allege that the rules adopted are contrary to law and therefore invalid. If appellants wish to challenge the validity of those rules, their proper procedure is to commence an action for declaratory judgment pursuant to 75 O.S.1971, § 306, which was not done here. Alternatively, they could have requested the repeal or amendment of the complained of rules pursuant to 75 O.S.1971, § 305, and sought an "individual proceeding" hearing pursuant to 75 O.S.1971, § 307. If that individual proceedings' order was then adverse to them, they could then appeal it pursuant to 75 O.S.1971, § 318. As presented, the issue of the validity of the adopted rules is not properly before this Court.

### III.

Appellant's second cause of action is an appeal from two conclusions of law pronounced by the Commissioner in his order withdrawing the protested October 28, 1977, prevailing wage rate determination. The trial court sustained appellees' demurrer to this cause of action on a finding that since appellants were successful in their protest, the conclusions appealed were moot. The complained of conclusions of law were:

"8. The Commissioner of Labor is not required to enact rules and regulations governing the procedure to be followed in the investigation and determination of prevailing wages, although he is given the discretion to do so.

"9. The inclusion of 'fringe benefits' as a factor in determining the prevailing wage is authorized, and not in conflict with the statutory law of Oklahoma."

Appellants' appeal is specifically predicated on the appeal provisions of the Act, 40 O.S.1971, § 196.6:

"E. The final decision of the Commissioner *of the prevailing wages in the locality* shall be subject to review when a copy of such final determination is filed in the District Court where the work concerned is to be done . . . .

Any such appellant shall file in such court, in addition to the copy of final determination above required, a petition alleging that the determination was not within the Commissioner's jurisdiction hereunder, or that such determination was not supported by substantial evidence, or both . . ." (E.A.)

Appellants claim of error here is without merit. However erroneous those conclusions of law may be, they cannot be appealed under the above statute. The only final order that is appealable thereunder is one that establishes a prevailing wage in a locality. Here, the Commissioner made no such order, but merely withdrew two previous ones in effect. Further, nowhere is it alleged that the Commissioner was without jurisdiction or that his decision was not supported by substantial evidence, presumably because it was plaintiffs who initiated the proceeding, and in whose favor his order was rendered. The correctness of the Commissioner's opinion is simply not properly before this Court on appeal.

Appellants' real complaint is that the objected to conclusion of law shows an intent of the Commissioner to make future

prevailing wage rate determinations unlawfully. Again, this issue is not properly before us. The Commissioners' intent in making future prevailing wage rate determination must necessarily be governed by the adopted rules discussed above. They can be properly challenged only through the administrative procedures there outlined.

■ Alternatively, appellants may assert the illegality of any particular future prevailing wage rate determination under the procedure provided in 40 O.S.1971, § 196.6, which was properly used by appellants to challenge the October 28, 1977 determination. Appellants could file written objection within 30 days of the issuance of a particular determination, and a hearing date would be set. 40 O.S.1971, § 196.6 B. They could then present evidence of the alleged illegality or invalidity. 40 O.S.1971, § 196.6 C. They could thereafter request a review of the Commissioners' final decision. 40 O.S.1971, § 196.6 E. Then the Commissioner's use of fringe benefits in computing a prevailing wage rate determination, or his refusal to promulgate rules of operation, would be properly before this Court.

### IV.

Appellant's third cause of action prays for a declaratory judgment that there is no prevailing wage rate in effect in Oklahoma following the Commissioner's withdrawal of the one then existing. The trial court sustained appellees' demurrer to this cause on a finding that appellants had failed to exhaust their administrative remedies.

■ We find no error in the trial court's ruling. The Oklahoma Declaratory Judgment Act, 12 O.S.Supp.1974, § 1651 specifically vests discretion in the trial court to refuse to make a determination of rights where it finds that the judgment, if rendered, would not terminate the controversy.

The record shows clearly that no controversy would be settled by a declaration that there was or was not a prevailing wage rate in effect in Oklahoma, and that, in fact, any judgment would only create a new controversy. Again, appellants' argument seems more centered on their allegation that the rates known by all parties to be currently in effect, those promulgated by the U. S. Department of Labor pursuant to the Davis-Bacon Act, supra, were invalid as a breach of the Commissioner's statutory duty to independently investigate and ascertain the rates for Oklahoma. If this was appellants' purpose, their proper procedure would have been to challenge the use of the Davis-Bacon Act rates administratively, under the review procedures outlined above in 40 O.S. 1971, § 196.6.

### V.

Appellants' final claim of error goes to the trial court's sustaining of appellees' demurrer to appellants' fourth, fifth, and sixth causes of action, all challenging the constitutionality of the Minimum Wage on Public Works Act, supra. The trial court dismissed these causes on a finding that appellants did not have standing to assert the unconstitutionality of the Act.

■ Appellants assert in their briefs only that the Act is unconstitutional as a vague and uncertain criminal statute. Since their other claims of unconstitutionality alleged below are not asserted in the briefs, this Court will not consider them. *Irelan v. Hall, Okl., 295 P.2d 775 (1956). L. S. Cogswell Lumber Company v. Manahan, 135 Okl. 174, 274 P. 871 (1929).*

Appellants cite *Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926),* in which the United States Supreme Court held that an Oklahoma statute that required contractors in the execution of contracts with the state to pay "not less than the current rate of per diem wages in the locality where the work is performed", and which provided for criminal penalties for violations, violated the constitutional guaranty of due process. Specifically, the Court held that the terms "current rate of per diem wages" and "locality" were not sufficiently explicit to inform contractors working for the state what conduct on their part would render them liable for criminal penalties.

The statute before us is much different than the one reviewed in *Connally, supra.*

The contractor need not act at his peril, as he is mandated only to pay *not less* than the prevailing rate *specified* by the public body awarding the contract. 40 O.S.1971, § 196.-5. See, *Metropolitan Water Dist. v. Whitsett, 215 Cal. 400, 10 P.2d 751 (1932).*

 Moreover, a careful reading of the statute reveals that the holding of the trial court that the appellants lack standing to so challenge the statute was correct. The only criminal penalties directed by the Act are in 40 O.S.1971, § 196.11:

"Any officer, agent or representative of any public body who knowingly violates or omits to comply with any provisions of this act and *any contractor or subcontractor* or agent or representative doing public work *who neglects to keep an accurate record of the names, occupation, and actual wages paid to each workman employed by him, in connection with the public work, or who refuses to allow access to same at any reasonable hour to any person authorized under this act to inspect same* shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine not exceeding Five Hundred Dollars ($500.00), or by imprisonment not exceeding six (6) months, or by both fine and imprisonment." (E.A.)

It is clear that contractors are subject to criminal sanctions only for failing to keep proper records for inspection. Only the public body, not the contractors, can be criminally liable for failure to pay the prevailing rate of wages. Since appellants are all contractors, they are in no way threatened with criminal sanctions relative to their claim that the terms "prevailing rate of wage" and "locality" are vague and uncertain, and therefore clearly lack standing to challenge the statute on that ground.

The judgment of the trial court dismissing appellants' first through sixth cause of action is AFFIRMED.

IRWIN, C. J., BARNES, V. C. J., and WILLIAMS, HODGES, LAVENDER, DOOLIN and HARGRAVE, JJ., concur.

OPALA, J., concurs in part, dissents in part.