Thomas G. MALNAR, D.D.S. and Karen F. Malnar, Husband and wife; Appellees,

v.

Gerald B. WHITFIELD, D.D.S. and Lynda Whitfield, husband and wife, Appellants.

No. 57616.

Supreme Court of Oklahoma.

Oct. 8, 1985.

Robert G. Green, Tulsa, for appellants.

Richard W. Gable, Kenneth E. Dornblaser, Gable & Gotwals, Tulsa, for appellee State Federal Sav. and Loan Ass'n.

P. Thomas Thornbrugh, Tulsa, for appellees Thomas G. Malner, D.D.S. and Karen F. Malner.

HARGRAVE, Justice.

This is an appeal from a judgment of the District Court of Tulsa County denying the defendant's request to permanently enjoin plaintiff's encroachment on his real property.

A portion of plaintiff Malnar's single story stone building was inadvertently constructed on defendant Whitfield's property. Upon discovery of the encroachment, Malnar instituted legal proceedings against

several parties, including the surveyor, a contractor, and a savings and loan company for the negligent misplacement of his building. Malnar also sought a temporary injunction to prevent Whitfield from damaging the encroaching building.

Whitfield answered and cross-petitioned for a mandatory injunction to force removal of Malnar's encroaching building. The trial court granted Malnar's request for a temporary injunction and stayed trial of other issues until disposition of Whitfield's application for a permanent injunction requiring removal of the building. Whitfield, the defendant, put his case-in-chief before the court for issuance of the mandatory injunction. At the close of Whitfield's case-in-chief, the opposing party demurred to the evidence and the trial court sustained that motion and entered judgment denying the mandatory injunction. Whitfield appeals the denial, asserting he has proved a prima facie case for a mandatory injunction and the party resisting the injunction failed to show why the injunction should not be issued.

Appellant presents two grounds for reversal. The first is that the cross-petitioner's proof entitles the Whitfields to the mandatory injunction after the prima facie showing that the encroachment was not slight. *Kasner v. Reynolds*, 268 P.2d 864 (Okl.1954) states that where the encroachment is slight, the cost of removal will be great, and the corresponding benefit to the owner small or compensation in damages may be had, a court will ordinarily decline to compel removal, leaving the complaining party to his remedy at law. If the court were to concede the encroachment was more than slight, the moving party still may not obtain judgment upon the occasion of the resisting party demurring to the evidence as shown below.

■■■ The case of *Snow v. Winn*, 607 P.2d 678 (Okl.1980) demonstrates the ruling case law. A demurer to the evidence of plaintiff will be treated as a motion for judgment for the defendant. Thus, the court shall weigh the evidence and render judgment if the evidence of the plaintiff is insufficient for judgment in his favor. This is so because there is no logical reason to require the defendant to put on his evidence in defense of a cause of action not proved to contain a prima facie case. However, if the order sustaining the demurrer to the evidence in an equity action is reversed on appeal as against the clear weight of the evidence, then the defendant must be afforded an opportunity to present his evidence. Thus, the general rule that in an equitable action the appellate court will render the judgment the trial court should have rendered is not operative inasmuch as the defendant has yet to put his evidence before the court.

■■■ Considerations relevant to the granting of a mandatory injunction to remove an encroachment were discussed in *Kasner v. Reynolds*, 268 P.2d 864 (Okl. 1954). The rule was early recognized that where the encroachment is slight, the cost of removal will be great, and the corresponding benefit to the adjoining owner small, or adequate compensation by way of damages can be had, a court will ordinarily decline to compel removal, leaving the party to his legal remedy. Furthermore, where issuance of the requested injunction will cause great injury to the defendant and will confer very little benefit upon complainant in comparison, it is proper to refuse an injunction especially when the right is doubtful or money damages are adequate.

■■■ In making the ruling on the demurrer, the trial court had before it the plaintiff's evidence and the admitted facts contained in the pretrial order. The admitted facts disclose plaintiff's building was constructed partially upon defendant's land and the building was located in such a position inadvertently. Furthermore, the defendant was aware of the encroachment placed on his land before he built his own building.

Malnar's building encroaches upon plaintiff's land so that a 13.29′ x 84′ portion rests upon Whitfield's land. There is no dispute that the encroachment was inadver-

tent, and that it was not discovered until Whitfield began construction of his rectangular shaped building, (84' x 84'). In addition, there is no evidence of any defense to the encroachment such as title by prescription, consent of laches. Prior to discovering the encroachment, Whitfield had prepared a building plan and obtained a building permit. He proceeded to construct his building according to the plan and he did not modify his plan to accommodate the encroachment.

Whitfield maintains that his plans were to use the rear part of his lot for parking; it is presently inaccessible to vehicles. The plans prepared before discovery of the encroachment and introduced into evidence support Whitfield's testimony in this regard.

With the buildings in their present locations, Whitfield's building is three feet from his east property line and twenty feet from the west. However, with the encroachment of over thirteen feet, there are fewer than seven feet between the two buildings.

Comparing the evidence and stipulations with the quoted precepts of *Kasner, supra,* this court finds the trial court erred in sustaining the demurrer to the evidence introduced in behalf of the permanent injunction. There is evidence that the encroachment materially affects Whitfield's use of his land.

 The defendant's evidence in chief points to the conclusion that the encroachment is not slight, which fact is one of those facts necessary for obtaining the mandatory injunction. Two cases demonstrate that the sheer size of the encroachment is not the determinative factor. In *Fairlawn Cemetary Assn. v. First Presbyterian Church* 496 P.2d 1185 (Okl.1972), a 2-inch encroachment was ordered removed. Conversely, in *Kasner v. Reynolds, supra,* a 4.75 foot encroachment was held to be slight. The other factors which must be considered are the cost of removal, the value of the benefit of removal to be gained by the party requesting the injunction, and the availability of compensation

by way of money damages. The stipulations contained in the pretrial order contain the fair market value at the time of purchase of the land which is encroached upon ($35,000.00) and the total appraised value of the encroaching building ($140,000.00). The extent of the encroachment and the detriment suffered by the party requesting the injunction establish a prima facie showing such as necessary for an injunction. The sustaining of the demurrer to the evidence at this point is clearly against the weight of the evidence.

 The inquiry into whether a permanent injunction should be granted is to be determined upon a consideration of all the equities between the parties. Once all of those competing equities are laid before the court, the ultimate determination is largely a matter of an exercise of the discretion of the trial court. *Kasner v. Reynolds, supra.*

 Once the movant, here the defendant, has made a prima facie case it remains for the party resisting the injunction to place before the court his evidence of the competing equities, such as the cost of removal, the adequacy of monetary damages, and the relative hardships of the parties were the injunction to be granted. Thus, as demonstrated by *Snow v. Winn, supra,* the party unsuccessful in the presentation of the demurrer to the evidence in an equity action must be afforded an opportunity to present his evidence. The Judgment of the trial court is therefore reversed and the cause remanded to the trial court for presentation of the evidence of the party resisting the injunction. This disposition renders discussion of appellant's second ground for reversal unnecessary.

REVERSED AND REMANDED.

All Justices concur.